GIBSON, DUNN & CRUTCHER LLP
JOSHUA S. LIPSHUTZ, SBN 242557
  jlipshutz@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:   415.393.8200
Facsimile:   415.393.8306

MICHAEL HOLECEK, SBN 281034
  mholecek@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:   213.229.7000
Facsimile:   213.229.7520

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN SAUNDERS, an individual, in his individual and representative capacity,<br><br>Plaintiff,<br><br>v.<br><br>DOORDASH, INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**DEFENDANT DOORDASH, INC.'S NOTICE OF REMOVAL OF CLASS ACTION**<br><br>[Removal from the Superior Court of California, County of San Francisco, Case No. CGC-20-585467]<br><br>Action Filed:  July 20, 2020 |

**TO THE CLERK OF THE ABOVE-TITLED COURT AND TO PLAINTIFF KEVIN SAUNDERS AND HIS COUNSEL OF RECORD**:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, and in accordance with 28 U.S.C. §§ 1331, 1332, 1367, and 1711, Defendant DoorDash, Inc. ("DoorDash" or "Defendant") hereby removes this action—with reservation of all defenses and rights—from the Superior Court of the State of California for the County of San Francisco, Case No. CGC-20-585467, to the United States District Court for the Northern District of California, San Francisco Division. Removal is proper on the following grounds:

## I. TIMELINESS OF REMOVAL

1. Plaintiff Kevin Saunders filed a Class Action Complaint on behalf of a putative class against DoorDash on July 20, 2020, in San Francisco County Superior Court. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Docket Sheet, Summons, Complaint, Civil Case Cover Sheet, Plaintiff's Proof of Service, letter to the Labor & Workforce Development Agency ("LWDA"), and Application for Complex Case Designation are attached as Exhibits A–G to the Declaration of Joshua Lipshutz filed concurrently herewith.

2. Plaintiff served DoorDash, through DoorDash's agent for service of process, Registered Agent Solutions, Inc., with the Summons and Complaint on July 22, 2020. *See* Lipshutz Decl. Ex. E. This notice of removal is therefore timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days after service was completed. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1).

## II. SUMMARY OF PLAINTIFF'S ALLEGATIONS AND GROUNDS FOR REMOVAL

3. Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has subject matter jurisdiction over this action and all claims asserted against DoorDash under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

4. CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). This case is a putative "class action" under CAFA because it was brought under a state statute or rule, namely California Code of Civil Procedure § 382, authorizing an action to be brought by one or more representative persons as a class action. *See* 28 U.S.C. § 1332(d)(1)(B); *see also* Compl. ¶ 2.

5. Plaintiff alleges in the Complaint that he "brings this Complaint as a class action pursuant to California Code of Civil Procedure § 382," where "[t]he class is defined as follows: each individual whom DoorDash has employed as a Driver in California at any time since the date four years prior to the filing of the instant case and whom DoorDash has classified as an independent contractor." Compl. ¶ 2.

6. Plaintiff's Complaint alleges violations of California Labor Code §§ 510, 201, 202, and 226(a), and California's Unfair Competition Law ("UCL"), based on the "classifi[cation]" of "all Drivers as independent contractors rather than employees." *See* Compl. ¶ 15.

7. Plaintiff seeks "temporary, preliminary and permanent injunctive relief against Defendants' ongoing violations of the Wage Order," "damages according to proof," "recovery of unpaid wages," "waiting time penalties," "restitution of unpaid wages," "restitution of all expenses associated with tools or equipment that were required by DoorDash or necessary to performance of the Drivers' work for DoorDash," "restitution of payments unlawfully withheld," "disgorgement of Defendants' ill-gotten gains and other relief that may be necessary to remedy Defendants' misconduct," "attorney fees and costs," "interest," and "punitive damages." Compl. at 11–13.

8. Under CAFA, federal courts have original jurisdiction over class actions where the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs; the putative class action contains at least 100 members; and any member of the putative class is a citizen of a state different from that of any defendant. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

9. DoorDash denies any liability as to Plaintiff's individual claims and as to the claims of the putative class members. DoorDash expressly reserves all of its rights, including, but not limited to, its right to file motions to compel arbitration and motions challenging the pleadings. However, for purposes of meeting the jurisdictional requirements for removal *only*, DoorDash submits on a good-faith basis that this action satisfies all requirements for federal jurisdiction under CAFA because, as set forth below, the allegations in the Complaint identify a putative class of more than 100 members, establish the minimum diversity of citizenship required under CAFA, and put in controversy more

than $5 million in the aggregate for the entire class, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

### A. The Putative Class Consists Of More Than 100 Members

10. Plaintiff's putative class encompasses "each individual whom DoorDash has employed as a Driver in California at any time since the date four years prior to the filing of the instant case." Compl. ¶ 2. Plaintiff's Complaint explains that this putative class encompasses independent contractors who contracted with DoorDash to perform deliveries in California using the DoorDash online platform ("Dashers"), even though Dashers do not "work for" DoorDash, because Plaintiff contends that Dashers should be classified as DoorDash employees. Compl. ¶¶ 13, 14. DoorDash has a good-faith basis to believe, and on that basis avers, that during the period of August 1, 2019 to July 31, 2020 alone, more than 10,000 people have contracted with DoorDash to perform deliveries and performed at least one delivery in California using the DoorDash online platform. *See* Aughney Decl. ¶ 5.[1] Accordingly, while DoorDash denies that class treatment is permissible or appropriate, based on the Complaint's allegations the proposed class plainly consists of more than 100 members.

### B. The Amount Placed in Controversy Exceeds $5 Million

11. Although DoorDash denies that Plaintiff's claims have any merit and disputes that Plaintiff is entitled to any of the sums sought in the Complaint, DoorDash avers, for the purposes of meeting the jurisdictional requirements for removal only, that Plaintiff's requested monetary recovery exceeds $5 million.

12. Plaintiff's allegations—if accepted—would place in excess of $5 million in controversy, exclusive of interest and costs. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010) ("In determining the amount [in controversy], we first look to the complaint.").

13. As demonstrated below, the $5 million threshold is easily met by considering only a subset of Plaintiff's claims and damages theories.

---

[1] The Notice of Removal "need not contain evidentiary submissions," and DoorDash reserves its right to submit additional evidentiary support in the event that Plaintiff moves for remand. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014).

14. <u>Mileage Expenses</u>.  Plaintiff brings a claim for "Failure to Provide Equipment or Reimburse Business Expenses," and alleges that "DoorDash maintained a uniform policy of refusing to reimburse Drivers for the cost of cellular telephones, tablet devices, wireless data connections or motor vehicles."  Compl. ¶ 45.

15. Plaintiff's claims for reimbursement for motor-vehicle expenses alone put more than $5 million in controversy.

16. The Internal Revenue Service's current standard mileage rate used to calculate the deductible costs of operating an automobile for business purposes is 57.5 cents per mile.  *See 2020 Standard Mileage Rates*, Internal Revenue Service, https://www.irs.gov/pub/irs-drop/n-20-05.pdf.

17. DoorDash has a good-faith basis to believe, and on that basis avers, that, during the period of August 1, 2019 to July 31, 2020 alone, the aggregate number of miles driven by Dashers in California as part of their delivery services, including miles driven to each restaurant to pick up orders and the miles driven from the restaurant to the drop-off location, far exceeds 10 million miles.  Aughney Decl. ¶ 6.

18. DoorDash denies that Plaintiff or any putative class member is entitled to reimbursement for any expenses.  DoorDash further denies that the Internal Revenue Service's standard mileage rates provide the appropriate metrics for determining the amount or size of reimbursements under California Labor Code § 2802.  However, applying the current Internal Revenue Service reimbursement rate, for the purposes of meeting the jurisdictional requirements for removal *only*, the amount placed in controversy by the class allegations concerning mileage-related expenses alone exceeds $5 million.

19. <u>Attorneys' Fees</u>.  Plaintiff's request for attorneys' fees places additional money in controversy.  Plaintiff seeks "attorneys' fees and costs."  Compl. at 11.

20. Under Ninth Circuit precedent, the benchmark commonly used for the award of attorneys' fees is 25% of the common fund.  *See In re Hyundai & Kia Fuel Economy Litig.*, 926 F.3d 539, 570 (9th Cir. 2019); *Mendoza v. Nat'l Vision, Inc.*, 2019 WL 2929745, at *6 (N.D. Cal. July 8, 2019).

21. DoorDash denies that any such attorneys' fees are owed to Plaintiff or the putative class and reserves the right to contest the application of the 25% benchmark in this case. However, for purposes of this jurisdictional analysis *only*, DoorDash relies on Plaintiff's allegations that attorneys' fees are owed. Applying the 25% benchmark to the allegations in the Complaint, Plaintiff's request for attorneys' fees places at least an additional $1.25 million in controversy.

22. DoorDash reserves the right to show that Plaintiff's other claims and damages theories also place more than $5 million in controversy, should Plaintiff challenge this removal requirement in a motion to remand.

23. For the foregoing reasons, this action meets the jurisdictional minimum amount in controversy. *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("'[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions.") (quoting *Dart Cherokee*, 574 U.S. at 89); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("[T]he defendant's showing on the amount in controversy may rely on reasonable assumptions."); *see also Lewis*, 627 F.3d at 401 ("[O]nce the proponent of federal jurisdiction has explained *plausibly how the stakes exceed $5 million . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much*.") (citing *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)) (emphases added).

### C. Minimal Diversity Exists Because The Putative Class Includes Non-California Citizens

24. The minimum diversity of citizenship criterion under CAFA is met if the plaintiff or "any member" of the putative class "is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

25. Plaintiff alleges that DoorDash's "principal place of business [is] in San Francisco, California," and that he is a citizen of the "United States." Compl. ¶¶ 3–4. Plaintiff does not allege that he is a citizen of California. Plaintiff seeks to represent a class of "each individual whom DoorDash has employed as a Driver in California at any time since the date four years prior to the filing of the instant case and whom DoorDash has classified as an independent contractor," without

regard to citizenship. *Id.* ¶ 2. DoorDash avers, for the purposes of removal only, that the putative class includes individuals who are citizens of other states.

26. Because the putative class purports to encompass anyone who worked in California, common sense dictates that the putative class includes people who are not citizens of California. *See Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1279 (9th Cir. 2017) (proposed class of "California merchants" included merchants that were not California citizens); *Brinkley v. Monterey Fin. Servs., Inc.*, 873 F.3d 1118, 1121 (9th Cir. 2017) (proposed class of people who made certain phone calls in California "[b]y its terms . . . includes individuals who were physically located in, but were not residents of, California"); *In re Sprint Nextel Corp.*, 593 F.3d 669, 673 (7th Cir. 2010) (proposed class of state "residents" includes temporary residents like "college students" who are citizens of "other states"); *Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) (state "residents" are not state "citizens" under CAFA).

27. DoorDash avers, for the purposes of removal, that many Dashers who have performed deliveries in California are not citizens of this State. Such Dashers include college and graduate students who are citizens of other states, those who have moved out of State, those who stay in California only seasonally, and others whose permanent citizenship is outside of California. Indeed, when the named plaintiff here, Kevin Saunders, created his DoorDash account in June 2020, he provided an address and phone number from Arizona. Aughney Decl. ¶ 8. Plaintiff's DoorDash account continues to use these Arizona identifiers. *Id.*

28. "Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant." *Broadway Grill*, 856 F.3d at 1276. "Since many [residents] are not citizens of California, th[is] requirement [is] met." *Id.*

29. Because DoorDash has met its "initial burden of establishing federal jurisdiction under § 1332(d)(2)," the action is removable. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007); 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

### III. THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

30. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

    (a) this is a civil action that is a class action within the meaning of § 1332(d)(1)(B);

    (b) this action involves a putative class of more than 100 persons as required by § 1332(d)(5)(B);

    (c) the amount in controversy exceeds $5 million, exclusive of interest and costs as required by § 1332(d)(2); and

    (d) a member of the putative class is a citizen of a state different from DoorDash as required by § 1332(d)(2)(A).

31. Accordingly, removal of this action is proper under 28 U.S.C. §§ 1441, 1446, and 1453.

32. The United States District Court for the Northern District of California, San Francisco Division, is the appropriate venue for removal pursuant to 28 U.S.C. §1441(a) because it embraces the place where Plaintiff originally filed the case, in the Superior Court of San Francisco County. *See* 28 U.S.C. § 84(c); 28 U.S.C. § 1441(a).

33. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon DoorDash are attached as Exhibits A–G to the Declaration of Joshua Lipshutz filed concurrently herewith.

34. Upon filing the Notice of Removal, DoorDash will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the Superior Court of San Francisco County, pursuant to 28 U.S.C. § 1446(d).

35. WHEREFORE, DoorDash hereby removes to the Court the above action pending against it in the Superior Court of California, San Francisco County.

DOORDASH, INC.'S NOTICE OF REMOVAL OF CLASS ACTION

Gibson, Dunn & Crutcher LLP

| | |
|---|---|
| Dated:  August 18, 2020 | GIBSON, DUNN & CRUTCHER LLP |
| | By: <u>*/s/ Joshua Lipshutz*</u><br>       Joshua Lipshutz |
| | Attorneys for Defendant DOORDASH, INC. |

Gibson, Dunn & Crutcher LLP

9
DOORDASH, INC.'S NOTICE OF REMOVAL OF CLASS ACTION