GIBSON, DUNN & CRUTCHER LLP
JOSHUA S. LIPSHUTZ, SBN 242557
  jlipshutz@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:    415.393.8200
Facsimile:    415.393.8306

MICHAEL HOLECEK, SBN 281034
  mholecek@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:    213.229.7000
Facsimile:    213.229.7520

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN SAUNDERS, an individual, in his individual and representative capacity,<br><br>            Plaintiff,<br><br>      v.<br><br>DOORDASH, INC., and DOES 1 through 10, inclusive,<br><br>            Defendants. | CASE NO.<br><br>**DECLARATION OF JOSHUA LIPSHUTZ IN SUPPORT OF DEFENDANT DOORDASH, INC.'S NOTICE OF REMOVAL OF CLASS ACTION**<br><br>[Removal from the Superior Court of California, County of San Francisco, Case No. CGC-20-585467]<br><br>Action Filed:  July 20, 2020 |

Gibson, Dunn &
Crutcher LLP

I, Joshua Lipshutz, declare as follows:

1.      I am an attorney admitted to practice law before this Court and all of the Courts of the State of California.  I am a partner at the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Defendant DoorDash, Inc. ("DoorDash" or "Defendant") in the above-captioned action.  I offer this declaration in support of DoorDash's Notice of Removal of the instant action from the California Superior Court, City and County of San Francisco, to the United States District Court for the Northern District of California.   I have personal knowledge of all the facts set forth in this declaration (unless otherwise noted), and, if called to testify, I could and would competently testify to them.

1.      Attached hereto as **Exhibit A** is a true and correct copy of the Docket Sheet in Case No. CGC-20-585467.

2.      Attached hereto as **Exhibit B** is a true and correct copy of the Summons served on DoorDash on July 22, 2020.

3.      Attached hereto as **Exhibit C** is a true and correct copy of the Complaint, served on DoorDash on July 22, 2020.

4.      Attached hereto as **Exhibit D** is a true and correct copy of the Civil Case Cover Sheet, filed by Plaintiff in the Superior Court, City and County of San Francisco, on July 20, 2020.

5.      Attached hereto as **Exhibit E** is a true and correct copy of the July 22, 2020 Proof of Service of Process of the Summons and Complaint of the above-captioned action.

6.      Attached hereto as **Exhibit F** is a true and correct copy of Plaintiff's Notice to the Labor and Workforce Development Agency, served on DoorDash on July 21, 2020.

7.      Attached hereto as **Exhibit G** is a true and correct copy of Plaintiff's Application for Complex Case Designation, served on DoorDash on July 22, 2020.

8.      In accordance with 28 U.S.C. § 1446(a), Exhibits A through G include "all process, pleadings and orders served upon" the Defendant in this action.

I declare under penalty of perjury pursuant to the laws of the United States of America and the State of California that the foregoing is true and correct.

//

//

Executed at Washington, D.C., on this 18th day of August, 2020.


/s/ Joshua Lipshutz
Joshua Lipshutz

DECLARATION OF JOSHUA LIPSHUTZ ISO DOORDASH, INC.'S NOTICE OF REMOVAL OF CLASS ACTION

Gibson, Dunn &
Crutcher LLP

# EXHIBIT A

THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN FRANCISCO

Case Number: CGC20585467
Title: KEVIN SAUNDERS VS. DOORDASH, INC. ET AL
Cause of Action: OTHER NON EXEMPT COMPLAINTS
Generated: 2020-08-11 11:48 am

Register of Actions    Parties    Attorneys    Calendar    Payments    Documents

**Please Note: The "View" document links on this web page are valid until 11:58:06 am**
**After that, please refresh your web browser. (by pressing Command +R for Mac, pressing F5 for Windows or clicking the refresh button on your web browser)**

# Register of Actions

Show All entries                                                           Search: [        ]

| Date | Proceedings | Document | Fee |
|------|-------------|----------|-----|
| 2020-07-30 | SUMMONS ON COMPLAINT (TRANSACTION ID # 65812015), PROOF OF SERVICE ONLY, FILED BY PLAINTIFF SAUNDERS, KEVIN , AN INDIVIDUAL, IN HIS INDIVIDUAL AND REPRESENTATIVE CAPACITY SERVED JUL-22-2020, PERSONAL SERVICE AS TO DEFENDANT DOORDASH, INC. | View | |
| 2020-07-20 | SUMMONS ISSUED TO PLAINTIFF SAUNDERS, KEVIN , AN INDIVIDUAL, IN HIS INDIVIDUAL AND REPRESENTATIVE CAPACITY | View | |
| 2020-07-20 | NOTICE TO PLAINTIFF | View | |
| 2020-07-20 | OTHER NON EXEMPT COMPLAINTS, COMPLAINT FILED BY PLAINTIFF SAUNDERS, KEVIN , AN INDIVIDUAL, IN HIS INDIVIDUAL AND REPRESENTATIVE CAPACITY AS TO DEFENDANT DOORDASH, INC. DOES 1 THROUGH 10, INCLUSIVE NO SUMMONS ISSUED, JUDICIAL COUNCIL CIVIL CASE COVER SHEET FILED CASE MANAGEMENT CONFERENCE SCHEDULED FOR DEC-23-2020 PROOF OF SERVICE DUE ON SEP-18-2020 CASE MANAGEMENT STATEMENT DUE ON NOV-30-2020 COMPLEX LITIGATION ASSIGNMENT REQUESTED BY FILING PARTIES; FEE INCLUDED IN FILING FEE | View | $1450.00 |

Showing 1 to 4 of 4 entries                                    Previous   1   Next

# EXHIBIT B

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DoorDash, Inc., and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Kevin Saunders, an individual, in his individual and representative capacity,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Francisco<br><br>400 McAllister Street<br>San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso):*<br>CGC-20-585467 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Allen Graves; The Graves Firm; 122 N. Baldwin Ave., Main Floor, Sierra Madre, CA 91024; 626-240-0575

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* | JUL 2 0 2020   DEPUTY CLERK | Clerk, by _____<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

BOWMAN LIU

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* DoorDash, Inc., and DOES 1 through 10, inclusive

under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on (date):

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** |

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# EXHIBIT C

THE GRAVES FIRM
ALLEN GRAVES (SB#204580)
allen@gravesfirm.com
JACQUELINE TREU (SB#247927)
jacqueline@gravesfirm.com
JENNY YU (SB#253033)
jennyyu@gravesfirm.com
122 N. Baldwin Ave., Main Floor
Sierra Madre, CA  91024
Telephone: (626) 240-0575
Facsimile: (626) 737-7013

Attorneys for Plaintiff
Kevin Saunders

F I L E D
Superior Court of California
County of San Francisco

JUL 2 0 2020

CLERK OF THE COURT
BY: _____
Deputy Clerk

BOWMAN LIU

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

Kevin Saunders, an individual, in his
individual and representative capacity,

Plaintiff,

v.

DoorDash, Inc., and DOES 1 through
10, inclusive,

Defendants.

CASE NO.:   CGC-20-585467

CLASS ACTION COMPLAINT FOR:

1. **Failure to Pay Overtime Wages;**

2. **Failure to Pay Minimum Wage;**

3. **Failure to Pay Wages on Termination;**

4. **Failure to Provide an Accurate Itemized Paystub;**

5. **Failure to Reimburse Business Expenses;**

6. **Breach of Contract;**

7. **Wrongful Termination in Violation of Public Policy; and**

8. **Violation of Business and Professions Code §17200 *et seq.***

**DEMAND FOR JURY TRIAL**

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Kevin Saunders ("Plaintiff") alleges as follows:

## **INTRODUCTION**

1.      In this Complaint, Plaintiff uses the term "Driver" to refer to individuals employed by Defendant DoorDash, Inc. ("DoorDash" or "Defendant"), whose primary job duties consist of delivering food to customers as part of the food delivery service that is DoorDash's primary business.

2.      Plaintiff brings this Complaint as a class action pursuant to California Code of Civil Procedure §382.  The class is defined as follows: each individual whom DoorDash has employed as a Driver in California at any time since the date four years prior to the filing of the instant case and whom DoorDash has classified as an independent contractor.  Putative class members are referred to herein as "Drivers."

## **THE PARTIES**

3.      Plaintiff Kevin Saunders ("Saunders" or "Plaintiff") is a citizen of the United States.  From a time beginning prior to the filing of the instant complaint and continuing to the present day, DoorDash has employed Saunders as a food delivery driver in California as part of the food delivery service that is DoorDash's primary business.

4.      Defendant DoorDash is a corporation organized under the laws of the State of Delaware with its principal place of business in San Francisco, California.

5.      Plaintiff is currently unaware of the true names and capacities of the Defendants sued herein as Does 1 through 10 (the "Doe Defendants") and therefore sues the Doe Defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities of the Doe Defendants when they are ascertained.

6.      Plaintiff is informed and believes, and thereon alleges, that the Doe Defendants are the partners, agents, or principals and co-conspirators of the named Defendants and of each other; that the named Defendants and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance

-2-

1    thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and

2    conduct, and therefore each of the Doe Defendants is liable to Plaintiff to the extent of the

3    liability of the named Defendants as alleged herein.

4         7.    Plaintiff is informed and believes, and on that basis alleges, that at all times

5    herein mentioned, all of the Defendants are and were a single employer.

6         8.    Plaintiff is informed and believes, and on that basis alleges, that at all times

7    herein mentioned, each of the Defendants was the agent, servant and/or employee of each

8    of the other Defendants and, in connection with the matters hereinafter alleged, was acting

9    within the scope of such agency and employment, and each Defendant ratified each and

10   every act, omission and thing done by each and every other Defendant herein.

11

12                      **JURISDICTION AND VENUE**

13        9.    This Court has jurisdiction in this action because one or more Defendants

14   reside in this jurisdiction; and because service was effected on one or more Defendants

15   while voluntarily present in California.

16        10.   Venue is proper under California Code of Civil Procedure §395.5, as this is

17   the county where Defendant's principal place of business is situated.

18

19                        **COMMON ALLEGATIONS**

20        11.   Plaintiff realleges and incorporates herein by this reference the allegations

21   of Paragraphs 1 through 10 hereof, inclusive.

22        12.   DoorDash is a company whose primary business is delivering food directly

23   to its customers.  Customers access DoorDash's service through an application installed

24   on the customers' cell phone.

25        13.   DoorDash employs Drivers throughout the state of California.  Drivers pick

26   up food ordered by the customer, and then deliver the food directly to the customer.

27   The work performed by Drivers is within the usual course of DoorDash's business.

28

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

14.    At all times relevant hereto, DoorDash has engaged, suffered or permitted the Drivers to work for DoorDash.

15.    At all times relevant hereto, DoorDash has maintained a uniform policy of classifying all Drivers as independent contractors rather than employees.

16.    Plaintiff is informed and believes, and thereon alleges, that DoorDash's misclassification of Drivers as independent contractors is willful and done in order to deprive the Drivers of benefits due them, and to gain an economic advantage, with the full knowledge that the law requires the Drivers to be classified as employees.

17.    At all times relevant hereto, Plaintiff has been employed by DoorDash, and has performed food deliveries for DoorDash using the DoorDash application.

18.    In order to perform deliveries for DoorDash, Drivers, including Plaintiff, are required to use their own personal cellular phone or tablet device, and personal motor vehicle.  Drivers, including Plaintiff, have incurred costs in connection with acquiring, maintaining and using personal cellular phone or tablet devices and personal motor vehicles to perform deliveries for DoorDash.

19.    DoorDash has not reimbursed any of the Drivers, including Plaintiff, for any costs relating to the use of personal cell phone or personal vehicle for work purposes.

20.    Drivers, including Plaintiff, have worked shifts for DoorDash exceeding eight hours in a day.  At all times relevant hereto, DoorDash has refused to pay its Drivers, including Plaintiff, the overtime premium for the time worked over eight hours in a day.

21.    Plaintiff is informed and believes, and thereon alleges, that DoorDash's misclassification of Drivers as independent contractors is willful and done in order to deprive the Drivers of benefits due them, and to gain an economic advantage, with the full knowledge that the law requires the Drivers to be classified as employees.

-4-

## FIRST CAUSE OF ACTION

### (Failure to Pay Overtime Premiums)

22.    Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 21 hereof, inclusive.

23.    At all times relevant hereto, Paragraph 3 of the applicable Wage Order and California Labor Code §510 have required that DoorDash pay each of its Drivers one and a half his or her regular rate of pay for any work in excess of 8 hours in one workday, in excess of 40 hours in one workweek, and for the first 8 hours of work on the seventh day of a workweek.

24.    Drivers work shifts for DoorDash in excess of 8 and even 12 hours per day.

25.    DoorDash has a uniform policy of intentionally failing to pay the overtime premiums due to its Drivers for overtime work.

## SECOND CAUSE OF ACTION

### (Failure to Timely Pay Wages)

26.    Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 25 hereof, inclusive.

27.    DoorDash requires its Drivers to be available and on-call for work while the Drivers are logged into the DoorDash application.  While logged into the application, Drivers must remain available and ready to drive and are required to remain in a limited geographic area in order to be ready to fulfill DoorDash customer orders.

28.    Drivers also spend time working for DoorDash driving to and from deliveries.

29.    DoorDash does not separately compensate Drivers for their on-call time worked, or the drive time worked.

30.    As a result of DoorDash's uniform policy and practice of refusing to compensate Drivers for time worked, DoorDash has failed to provide its Drivers with minimum wage for this time worked.

-5-

**THIRD CAUSE OF ACTION**

**(Failure to Pay Wages on Termination)**

31.    Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 30 hereof, inclusive.

32.    Labor Code §§201 and 202 require that DoorDash pay each Driver all of the wages earned by that employee at the time of termination for an involuntary termination and within 72 hours of termination for a voluntary termination.

33.    At all times relevant hereto, DoorDash has terminated Drivers who were entitled to overtime wages earned under the applicable Wage Order at the time that the Drivers' employment with DoorDash ended.

34.    At all times relevant hereto, Drivers who were entitled to overtime wages earned under the applicable Wage Order have voluntarily quit their jobs.

35.    DoorDash maintains a policy and practice of willfully refusing to pay any Driver the overtime wages to which he or she is entitled under the Wage Order at any time after that Driver's termination or resignation.

**FOURTH CAUSE OF ACTION**

**(Failure to Provide an Accurate Itemized Paystub)**

36.    Plaintiff realleges and incorporates herein by this reference the allegations of Paragraphs 1 through 35 hereof, inclusive.

37.    At all times relevant hereto, Paragraph 7 of the applicable Wage Order has required that every employer shall semimonthly, or at the time of each payment of wages, furnish each employee an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer.

38.    California Labor Code §226(a) requires that each pay period DoorDash must provide each Driver with an itemized statement as required by the Wage Order.

39.     At all times relevant hereto, DoorDash violated the Wage Order and Labor Code §226(a) by failing to provide Drivers with any itemized statement at all.

## FIFTH CAUSE OF ACTION

### (Failure to Provide Equipment or Reimburse Business Expenses)

40.     Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 39 hereof, inclusive.

41.     At all times relevant hereto, Paragraphs 8 and 9 of the applicable Wage Order have required that an employer provide its employees with any tools or equipment that are required by the employer or are necessary to the performance of the job.

42.     DoorDash requires every Driver to use a cellular telephone or tablet device with a wireless data connection in order to send and receive information regarding the pickup, transportation and deliver of food to DoorDash's customers.

43.     DoorDash requires every Driver to use a motor vehicle in order to deliver food to its customers.

44.     During all times relevant hereto, DoorDash maintained a uniform policy of refusing to provide cellular telephones, tablet devices, or motor vehicles to Drivers, despite the fact that this equipment is both required by Drivers and necessary to the performance of the job.

45.     During all times relevant hereto, DoorDash maintained a uniform policy of refusing to reimburse Drivers for the cost of cellular telephones, tablet devices, wireless data connections or motor vehicles, despite the fact that this equipment is both required by DoorDash and necessary to the performance of the job.

## SIXTH CAUSE OF ACTION

### (Breach of Contract)

46.     Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 45 hereof, inclusive.

-7-

47.     Upon hiring Drivers to work for DoorDash, DoorDash requires Drivers to enter into a written agreement with DoorDash regarding the purported terms and conditions of employment.

48.     This agreement provides that DoorDash will permit the Drivers to opt out of its arbitration agreement by giving notice to DoorDash within 30 days, and will permit the Drivers to continue working for DoorDash following a valid opt out.

49.     Plaintiff gave notice to DoorDash of his desire to opt out of arbitration within 30 days of commencing his employment with DoorDash. Plaintiff's notice satisfied all of the conditions set forth in the written agreement with DoorDash for validly opting out of DoorDash's arbitration program.

50.     Upon receipt of Plaintiff's notice of opting out of arbitration, Defendant terminated Plaintiff's employment.

51.     During the period of time covered by this action, Defendant has maintained a uniform policy and practice of terminating each Driver who gave notice of his or her intention to opt out of DoorDash's arbitration program.

52.     DoorDash's termination of Drivers who opted out of arbitration is a breach of the written agreement between DoorDash and each such Driver, including Plaintiff.

53.     The termination of such Drivers, including Plaintiff, damaged each Driver to the extent that he or she lost the income that he or she would have earned working for Defendant.

### SEVENTH CAUSE OF ACTION

### (Wrongful Termination)

54.     Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 53 hereof, inclusive.

55.     The State of California has a clearly expressed public policy that prohibits an employer from requiring an employee to agree to settle disputes arising out of the Labor Code via binding arbitration as a condition of employment. That fundamental

-8-

public policy is expressed in AB 51, Labor Code §432.6 and Government Code §12953 as enacted on October 10, 2019.

56.    By terminating each employee who opted out of its arbitration program, Defendant violated the clearly stated California public policy against conditioning employment on the employee's agreement to arbitrate employment-related disputes.

57.    Such terminations were wrongful, against public policy, and subject DoorDash to liability for damages to such terminated Drivers.

58.    Defendant acted with oppression, fraud or malice in deliberately violating California's public policy by terminating Drivers who opted out of arbitration.

## EIGHTH CAUSE OF ACTION

### (Violation of Business and Professions Code §17200 *et seq.*)

59.    Plaintiff realleges and incorporates herein by this reference the allegations of Paragraphs 1 through 58 hereof, inclusive.

60.    The conduct described in the First through Seventh causes of action constitute unfair business practices.

61.    By deliberately misclassifying its Drivers as independent contractors, DoorDash avoided substantial expenses and thereby enriched itself at the expense of the Drivers.

62.    The Drivers have suffered injury in fact as a result of DoorDash's aforementioned conduct, in the form of lost income and benefits, and privileges of employment.

## CLASS ACTION ALLEGATIONS

63.    Plaintiff realleges and incorporates herein by this reference the allegations of Paragraphs 1 through 62 hereof, inclusive.

64.    Plaintiff is informed and believes, and thereon alleges, that DoorDash employs over 10,000 Drivers in California.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

65.    Plaintiff is informed and believes, and thereon alleges, that DoorDash requires all Drivers in California to agree to an identical form contract in order to work for DoorDash.  The company revises the contract from time to time, but at any given time, the contract is identical with regard to all Drivers in California.

66.    Plaintiff is informed and believes, and thereon alleges, that all Drivers in California have been subject to DoorDash's violations of the Wage Order and California Business and Professions Code §17200 *et seq*.

67.    Plaintiff is informed and believes, and thereon alleges, that Plaintiff has been subject to the exact same violations of the Wage Order and California Business and Professions Code described herein as all other Drivers.

68.    Plaintiff has agreed to fairly and adequately represent the rights of the class.

69.    Plaintiff has the means to fairly and adequately represent the rights of the class.

70.    Plaintiff is informed and believes, and thereon alleges, that his claims are typical of the class.

71.    Plaintiff is informed and believes, and thereon alleges, that common questions of law and fact predominate with regard to all class claims.

72.    Plaintiff is informed and believes, and thereon alleges, that a class action is superior to all other available means of resolving the class members' claims.

73.    Plaintiff is informed and believes, and thereon alleges, that treatment of the instant claims as a class action will accrue substantial benefits to the litigants, the class, the public, and the courts.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant DoorDash, Inc. and Does 1 through 10, inclusive, and each of them, as follows:

**ON THE FIRST CAUSE OF ACTION:**

1. For temporary, preliminary and permanent injunctive relief against Defendants' ongoing violations of the Wage Order;

2. For damages according to proof;

3. For recovery of unpaid wages due pursuant to Labor Code §1194;

4. For attorney fees and costs reasonably incurred, in accordance with Labor Code §§218.5, 1194 and California Code of Civil Procedure §1021.5;

5. For interest pursuant to Labor Code §§218.5 and 1194, and Civil Code §3287; and

6. For punitive damages.

**ON THE SECOND CAUSE OF ACTION:**

1. For temporary, preliminary and permanent injunctive relief against Defendant's ongoing violations of the Labor Code;

2. For damages according to proof;

3. For restitution of unpaid wages;

4. For liquidated damages pursuant to Labor Code §1194.2;

5. For attorney fees and costs reasonably incurred, in accordance with California Labor Code §§218.5 and 1194, and California Code of Civil Procedure §1021.5; and

6. For interest pursuant to Labor Code §§218.6 and 1194, and Civil Code §3287.

**ON THE THIRD CAUSE OF ACTION:**

1. For temporary, preliminary and permanent injunctive relief against Defendants' ongoing violations of the Wage Order;

2. For waiting time penalties pursuant to Labor Code §203;

3. For attorney fees and costs reasonably incurred, in accordance with Labor Code §§218.5 and 1194, and California Code of Civil Procedure §1021.5;

-11-

4. For interest pursuant to Labor Code §§218.5 and 1194, and Civil Code §3287; and

5. For punitive damages.

**ON THE FOURTH CAUSE OF ACTION:**

1. For temporary, preliminary and permanent injunctive relief against Defendants' ongoing violations of the Wage Order;

2. For penalties pursuant to Labor Code §226(e); and

3. For attorney fees and costs reasonably incurred, in accordance with Labor Code §226(e) and California Code of Civil Procedure §1021.5;

4. For interest pursuant to Civil Code §3287; and

5. For punitive damages.

**ON THE FIFTH CAUSE OF ACTION:**

1. For temporary, preliminary and permanent injunctive relief against Defendants' ongoing violations of the Wage Order;

2. For damages according to proof;

3. For restitution of all expenses associated with tools or equipment that were required by DoorDash or necessary to performance of the Drivers' work for DoorDash;

4. For attorney fees and costs reasonably incurred, in accordance with Labor Code §§2802(c) and California Code of Civil Procedure §1021.5;

5. For interest pursuant to Civil Code §3287; and

6. For punitive damages.

**ON THE SIXTH CAUSE OF ACTION:**

1. For damages according to proof; and

2. For interest pursuant to Civil Code §3289.

**ON THE SEVENTH CAUSE OF ACTION:**

    1.   For damages according to proof;

    2.  For back wages and benefits owed;

    3.  For front pay;

    4.  For interest pursuant to Civil Code §3287; and

    5.  For punitive damages.

**ON THE EIGHTH CAUSE OF ACTION:**

    1.  For temporary, preliminary and permanent injunctive relief against Defendants' ongoing violations of the Labor Code as described herein;

    2.  For disgorgement of Defendants' ill-gotten gains and other relief that may be necessary to remedy Defendants' misconduct;

    3.  For restitution of payments unlawfully withheld;

    4.  For attorney fees and costs reasonably incurred pursuant to California Code of Civil Procedure §1021.5; and

    5.  For interest pursuant to Civil Code §3287.

**ON ALL CAUSES OF ACTION:**

    1.  For costs of suit, to the extent not otherwise prayed for above;

    2.  For attorney fees to the extent not otherwise prayed for above;

    3.  For interest on amounts recoverable; and

    4.  For such other and further relief as this Court deems just and proper.

1

## DEMAND FOR JURY TRIAL

2          Plaintiff hereby demands a jury trial.

3

4   DATED:  July 17, 2020                    THE GRAVES FIRM

5

6                                            By: _____

7                                                    JACQUELINE TREU
                                             Attorney for Plaintiff
8                                            Kevin Saunders

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-14-

# EXHIBIT D

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Allen Graves (SB#204580)
Jacqueline Treu (SB#247927)
122 N. Baldwin Ave., Main Floor
Sierra Madre, CA 91024
TELEPHONE NO.: (626) 240-0575     FAX NO.: (626) 737-7013
ATTORNEY FOR *(Name):* Plaintiff Kevin Saunders

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

**F I L E D**
Superior Court of California
County of San Francisco

JUL 2 0 2020

CLERK OF THE COURT
BY: _____
BOWMAN LIU   *Deputy Clerk*

CASE NAME:
Saunders v. DoorDash, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited    ☐ Limited | ☐ Counter    ☐ Joinder | CGC-20-585467 |
| (Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:      DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* Ten
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: July 17, 2020

Jacqueline Treu
(TYPE OR PRINT NAME)        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov



CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
         or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

# EXHIBIT E

**RASi REGISTERED AGENT SOLUTIONS INC**

Registered Agent Solutions, Inc.
*Corporate Mailing Address*
1701 Directors Blvd.
Suite 300
Austin, TX 78744

Phone: (888) 705-RASi (7274)

# SERVICE OF PROCESS RECEIPT

7/22/2020

Erin Anderegg
**DoorDash, Inc.**
303 2nd Street,
South Tower Suite 800
San Francisco, CA 94107 USA

**NOTICE OF CONFIDENTIALITY**

This notice and the information it contains are intended to be a confidential communication only to the individual and/or entity to whom it is addressed. If you have received this notice in error, immediately call our SOP Department at (888) 705-7274.

**RE:  DoorDash, Inc.**

This receipt is to inform you that Registered Agent Solutions, Inc. has received a Service of Process on behalf of the above-referenced entity as your registered agent and is hereby forwarding the attached document(s) for your immediate review.  A summary of the service is shown below; however, it is important that you review the attached document(s) in their entirety for complete and detailed information.
For additional information and instruction, contact the document issuer:  THE GRAVES FIRM

**SERVICE INFORMATION**

Service Date:      7/22/2020
Service Time:      1:35 PM PDT
Service Method:   Process Server

**RASi REFERENCE INFORMATION**

Service No.:     0143427
RASi Office:     California
Rec. Int. Id.:   AC

**CASE INFORMATION**

Case Number:    CGC-20-585467
File Date:       07/20/2020
Jurisdiction:    SUPERIOR COURT IN AND FOR SAN FRANCISCO COUNTY, CALIFORNIA
Case Title:      KEVIN SAUNDERS, ET AL., VS. DOORDASH, ET AL.,

**ANSWER / APPEARANCE INFORMATION**

30 days     *(Be sure to review the document(s) for any required response dates)*

**AGENCY / PLAINTIFF INFORMATION**

Firm/Issuing Agent:   THE GRAVES FIRM
Attorney/Contact:     ALLEN GRAVES
Location:             California
Telephone No.:        626-240-0575

**DOCUMENT(S) RECEIVED & ATTACHED**

Complaint
Summons

**ADDITIONAL NOTES**

**Questions or Comments...** Should you have any questions or need additional assistance, please contact the SOP Department at (888) 705-7274.

You have been notified of this Service of Process by Insta-SOP Delivery, a secure email transmission. The transmitted documents have also been uploaded to your Corpliance account.  RASi offers additional methods of notification including Telephone Notification and FedEx Delivery.  If you would like to update your account's notification preferences, please log into your Corpliance account at www.rasi.com.

*Thank you for your continued business!*

EXHIBIT F

**RASi REGISTERED AGENT SOLUTIONS INC**

**Registered Agent Solutions, Inc.**
*Corporate Mailing Address*
1701 Directors Blvd.
Suite 300
Austin, TX 78744

Phone: (888) 705-RASi (7274)

# SERVICE OF PROCESS RECEIPT

07/22/20

Erin Anderegg
**DoorDash, Inc.**
303 2nd Street,
South Tower Suite 800
San Francisco, CA 94107 USA

**NOTICE OF CONFIDENTIALITY**
This notice and the information it contains are intended to be a confidential communication only to the individual and/or entity to whom it is addressed. If you have received this notice in error, immediately call our SOP Department at (888) 705-7274.

**RE:  DoorDash, Inc.**

This receipt is to inform you that Registered Agent Solutions, Inc. has received a Service of Process on behalf of the above-referenced entity as your registered agent and is hereby forwarding the attached document(s) for your immediate review.  A summary of the service is shown below; however, it is important that you review the attached document(s) in their entirety for complete and detailed information.
For additional information and instruction, contact the document issuer:  THE GRAVES FIRM

**SERVICE INFORMATION**

| | |
|---|---|
| Service Date: | 7/22/2020 |
| Service Time: | 1:35 PM PDT |
| Service Method: | Process Server |

**RASi REFERENCE INFORMATION**

| | |
|---|---|
| Service No.: | 0143427 |
| RASi Office: | California |
| Rec. Int. Id.: | AC |

**CASE INFORMATION**

| | |
|---|---|
| Case Number: | CGC-20-585467 |
| File Date: | 07/20/2020 |
| Jurisdiction: | SUPERIOR COURT IN AND FOR SAN FRANCISCO COUNTY, CALIFORNIA |
| Case Title: | KEVIN SAUNDERS, ET AL., VS. DOORDASH, ET AL., |

**ANSWER / APPEARANCE INFORMATION**

30 days    *(Be sure to review the document(s) for any required response dates)*

**AGENCY / PLAINTIFF INFORMATION**

| | |
|---|---|
| Firm/Issuing Agent: | THE GRAVES FIRM |
| Attorney/Contact: | ALLEN GRAVES |
| Location: | California |
| Telephone No.: | 626-240-0575 |

**DOCUMENT(S) RECEIVED & ATTACHED**

Complaint
Summons

**ADDITIONAL NOTES**

**Questions or Comments...** Should you have any questions or need additional assistance, please contact the SOP Department at (888) 705-7274.

You have been notified of this Service of Process by Insta-SOP Delivery, a secure email transmission. The transmitted documents have also been uploaded to your Corpliance account.  RASi offers additional methods of notification including Telephone Notification and FedEx Delivery.  If you would like to update your account's notification preferences, please log into your Corpliance account at www.rasi.com.

*Thank you for your continued business!*

*The*
*Graves*
*Firm*                                    *A Professional Corporation*

122 N. Baldwin Ave., Main Floor • Sierra Madre, CA 91024 • Telephone 626.240.0575 • Fax 626.737.7013

July 17, 2020

VIA ONLINE SUBMISSION

Labor and Workforce Development Agency
455 Golden Gate Avenue, 9th Floor
San Francisco, CA  94102

To Whom It May Concern:

Pursuant to Labor Code §2699.3, the enclosed document identifies the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations, in the case of *Saunders v. DoorDash, Inc., et al.*  Plaintiff seeks hereby to give notice to the LWDA of his representative claims.

Please refer to the attached Proof of Service which demonstrates that pursuant to Labor Code §2699.3, we are providing written notice of same by certified mail to the following employer at their designated agent for service of process:

> DoorDash, Inc.
> c/o Registered Agent Solutions, Inc.
> 1220 S Street, Ste. 150
> Sacramento, CA 95811

Sincerely,

Jacqueline Treu

Enclosures:   Draft Complaint and Proof of Service
CC:              DoorDash, Inc.

1  THE GRAVES FIRM
2  ALLEN GRAVES (SB#204580)
   allen@gravesfirm.com
3  JACQUELINE TREU (SB#247927)
   jacqueline@gravesfirm.com
4  JENNY YU (SB#253033)
   jennyyu@gravesfirm.com
5  122 N. Baldwin Ave., Main Floor
6  Sierra Madre, CA  91024
   Telephone: (626) 240-0575
7  Facsimile: (626) 737-7013

8
9  Attorneys for Plaintiff
   Kevin Saunders

10
              SUPERIOR COURT OF THE STATE OF CALIFORNIA
11
                      COUNTY OF SAN FRANCISCO
12

13  Kevin Saunders, an individual, in his          CASE NO.:
    individual and representative capacity,
14                                                  **CLASS ACTION AND PRIVATE**
15               Plaintiff,                         **ATTORNEY GENERAL COMPLAINT**
                                                    **FOR:**
16        v.                                        1.  **Willful Misclassification;**
17  DoorDash, Inc., and DOES 1 through              2.  **Failure to Pay Overtime Wages;**
    10, inclusive,
18                                                  3.  **Failure to Pay Minimum Wage;**
19               Defendants.                        4.  **Failure to Timely Pay Wages;**
                                                    5.  **Failure to Pay Wages on Termination;**
20
21                                                  6.  **Failure to Provide an Accurate**
                                                        **Itemized Paystub;**
22                                                  7.  **Failure to Reimburse Business**
                                                        **Expenses;**
23
24                                                  8.  **Violation of Labor Code §432.6;**
25                                                  9.  **Breach of Contract;**
                                                    10. **Wrongful Termination in Violation of**
26                                                      **Public Policy; and**
27                                                  11. **Violation of Business and Professions**
                                                        **Code §17200** *et seq.*
28                                                  **DEMAND FOR JURY TRIAL.**

COMPLAINT AND DEMAND FOR JURY TRIAL

1    Plaintiff Kevin Saunders ("Plaintiff") alleges as follows:

2

3                              **INTRODUCTION**

4        1.    In this Complaint, Plaintiff uses the term "Driver" to refer to individuals

5    employed by Defendant DoorDash, Inc. ("DoorDash" or "Defendant"), whose primary

6    job duties consist of delivering food to customers as part of the food delivery service that

7    is DoorDash's primary business.

8        2.    Plaintiff brings this Complaint as a class action pursuant to California Code

9    of Civil Procedure §382.  The class is defined as follows: each individual whom

10   DoorDash has employed as a Driver in California at any time since the date four years

11   prior to the filing of the instant case and whom DoorDash has classified as an independent

12   contractor.  Putative class members are referred to herein as "Drivers."  Plaintiff also

13   brings this Complaint as a Private Attorney General on behalf of the State of California

14   with regard to current and former DoorDash Drivers pursuant to California Labor Code

15   §2699 *et seq.*, based on Defendant's willful misclassification of its Drivers as independent

16   contractors.  In the event that a court of competent jurisdiction approves a settlement that

17   releases any of the claims described herein, the class and representative claims in this

18   action shall cover all claims not released and all time periods since the date four years

19   prior to the filing of the instant case that are not subject to a court-approved release.

20

21                              **THE PARTIES**

22       3.    Plaintiff Kevin Saunders ("Saunders" or "Plaintiff") is a citizen of the

23   United States.  From a time beginning prior to the filing of the instant complaint and

24   continuing to the present day, DoorDash has employed Saunders in California as a

25   delivery driver as part of the food delivery service that is DoorDash's primary business.

26       4.    Defendant DoorDash is a corporation organized under the laws of the State

27   of Delaware with its principal place of business in San Francisco, California.

28

COMPLAINT AND DEMAND FOR JURY TRIAL

5.      Plaintiff is currently unaware of the true names and capacities of the Defendants sued herein as Does 1 through 10 (the "Doe Defendants") and therefore sues the Doe Defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities of the Doe Defendants when they are ascertained.

6.      Plaintiff is informed and believes, and thereon alleges, that the Doe Defendants are the partners, agents, or principals and co-conspirators of the named Defendants and of each other; that the named Defendants and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to Plaintiff to the extent of the liability of the named Defendants as alleged herein.

7.      Plaintiff is informed and believes, and on that basis alleges, that at all times herein mentioned, all of the Defendants are and were a single employer.

8.      Plaintiff is informed and believes, and on that basis alleges, that at all times herein mentioned, each of the Defendants was the agent, servant and/or employee of each of the other Defendants and, in connection with the matters hereinafter alleged, was acting within the scope of such agency and employment, and each Defendant ratified each and every act, omission and thing done by each and every other Defendant herein.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction in this action because one or more Defendants reside in this jurisdiction; and because service was effected on one or more Defendants while voluntarily present in California.

10.     Venue is proper under California Code of Civil Procedure §395.5, as this is the county where Defendant's principal place of business is situated.

-3-

**LABOR CODE §2699**

11.     Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 10 hereof, inclusive.

12.     California Labor Code §2699 *et seq.* authorizes Plaintiff to recover civil penalties for each Labor Code violation described herein.

13.     Plaintiff hereby seeks to recover civil penalties, pursuant to California Labor Code §2699 *et seq.*, for each Labor Code violation described herein with respect to all DoorDash Drivers whom Defendant has employed in California.

14.     Pursuant to California Labor Code §2699.3, on July 17, 2020, Plaintiff gave notice to the Labor and Workforce Development Agency and the employer of the specific provisions of the Labor Code alleged to be violated in this Complaint, including the facts and theories to support each alleged violation.  Plaintiff gave notice to the LWDA electronically through the agency website and to the employer via certified mail.

15.     More than 65 days have passed since Plaintiff gave notice by the statutorily prescribed procedure to the Labor and Workforce Development Agency.  Neither the employer nor the Labor and Workforce Development Agency have provided any notice of intent to investigate any of the alleged violations.

**COMMON ALLEGATIONS**

16.     Plaintiff realleges and incorporates herein by this reference the allegations of Paragraphs 1 through 15 hereof, inclusive.

17.     DoorDash is a company whose primary business is delivering food directly to its customers.  Customers access DoorDash's service through an application installed on the customers' digital device.

18.     DoorDash employs Drivers throughout the state of California.  Drivers pick up food ordered by the customer, and then deliver the food directly to the customer.  The work performed by Drivers is within the usual course of DoorDash's business.

-4-

COMPLAINT AND DEMAND FOR JURY TRIAL

19.     At all times relevant hereto, DoorDash has engaged, suffered or permitted the Drivers to work for DoorDash in California.

20.     At all times relevant hereto, DoorDash has maintained a uniform policy of classifying all Drivers as independent contractors rather than employees.

21.     Plaintiff is informed and believes, and thereon alleges, that DoorDash's misclassification of Drivers as independent contractors is willful and done in order to deprive the Drivers of benefits due them, and to gain an economic advantage, with the full knowledge that the law requires the Drivers to be classified as employees.

22.     At all times relevant hereto, Plaintiff has been employed by DoorDash, and has performed food deliveries for DoorDash in California using the DoorDash application.

23.     In order to perform deliveries for DoorDash, Drivers, including Plaintiff, are required to use their own personal cellular phone or tablet device, and personal motor vehicle.  Drivers, including Plaintiff, have incurred costs in connection with acquiring, maintaining and using personal cellular phone or tablet devices and personal motor vehicles to perform deliveries for DoorDash.

24.     DoorDash has not reimbursed any of the Drivers, including Plaintiff, for any costs relating to the use of personal cell phone or personal vehicle for work purposes.

25.     Drivers have worked shifts for DoorDash exceeding eight hours in a day. At all times relevant hereto, DoorDash has refused to pay its Drivers the overtime premium for the time worked over eight hours in a day.

26.     Plaintiff is informed and believes, and thereon alleges, that DoorDash's misclassification of Drivers as independent contractors is willful and done in order to deprive the Drivers of benefits due them, and to gain an economic advantage, with the full knowledge that the law requires the Drivers to be classified as employees.

27.     DoorDash also maintains a common policy and practice of breaching the terms of its agreements with its Drivers.  Specifically, DoorDash promises its Drivers that they may opt out of DoorDash's arbitration program and continue to work for DoorDash. Instead, however, when Plaintiff submitted a valid opt-out of DoorDash's arbitration

-5-

1   program, DoorDash immediately terminated his employment with DoorDash.  Plaintiff is

2   informed and believes that DoorDash, rather than permitting its workers to opt out of

3   arbitration, maintains a uniform policy and practice of immediately terminating its

4   relationship with workers who opt out of DoorDash's arbitration program.

5

6                          **FIRST CAUSE OF ACTION**

7                           **(Willful Misclassification)**

8          28.    Plaintiff realleges and incorporates herein by this reference the allegations

9   of Paragraphs 1 through 27 hereof, inclusive.

10         29.    A worker is properly considered an independent contractor to whom the

11  Wage Order does not apply only if the hiring entity establishes: (A) that the worker is free

12  from the control and direction of the hirer in connection with the performance of the work,

13  both under the contract for the performance of such work and in fact; (B) that the worker

14  performs work that is outside the usual course of the hiring entity's business; and

15  (C) that the worker is customarily engaged in an independently established trade,

16  occupation, or business of the same nature as the work performed for the hiring entity.

17         30.    The work performed by the Drivers at issue in this case is within the usual

18  course of DoorDash's business, such that an employer-employee relationship is created

19  between DoorDash and the Drivers.

20         31.    Labor Code §226.8 prohibits any person or employer from willfully

21  misclassifying an individual who is an employee subject to the applicable Wage Order.

22         32.    Since at least 2016 until the present, DoorDash has maintained a uniform

23  policy whereby DoorDash has misclassified all Drivers as independent contractors for

24  purposes of the Wage Order.

25         33.    Through its misclassification of every Driver as an independent contractor

26  for purposes of the Wage Order, DoorDash has engaged in a pattern and practice of

27  willful misclassification for its own financial benefit.

28

-6-

34.     Pursuant to Labor Code §226.8, Plaintiff is entitled to recover civil penalties for DoorDash's misclassification of employees with regard to their employment status under the Wage Order of not less than ten thousand dollars ($10,000) and up to twenty-five thousand dollars ($25,000) for each violation, in addition to any other penalties or fines permitted by law.

35.     Plaintiff is entitled to recover attorney fees and costs in bringing this action.

36.     DoorDash is subject to an order requiring it to provide public notice of its violation of Section 226.8, as required under sub-sections (e) and (f) thereof, in the event this Court determines that a violation has been committed.

## SECOND CAUSE OF ACTION
### (Failure to Pay Overtime Premiums)

37.     Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 36 hereof, inclusive.

38.     At all times relevant hereto, Paragraph 3 of the applicable Wage Order and California Labor Code §510 have required that DoorDash pay each of its Drivers one and a half his or her regular rate of pay for any work in excess of 8 hours in one workday, in excess of 40 hours in one workweek, and for the first 8 hours of work on the seventh day of a workweek.

39.     Drivers work shifts for DoorDash in excess of 8 and even 12 hours per day.

40.     DoorDash has a uniform policy of intentionally failing to pay the overtime premiums due to its Drivers for overtime work.

41.     DoorDash knowingly, and with oppression, fraud or malice, deliberately withheld overtime payments from its Drivers.

-7-

1

2

### THIRD CAUSE OF ACTION

### (Failure to Pay Minimum Wage)

3

4

42.     Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 41 hereof, inclusive.

5

6

7

8

43.     DoorDash requires its Drivers to be available and on-call for work while the Drivers are logged into the DoorDash application.  While logged into the application, Drivers must remain available and ready to drive and are required to remain in a limited geographic area in order to be ready to fulfill DoorDash customer demands.

9

10

44.     Drivers also spend time working for DoorDash driving to and from deliveries.

11

12

45.     DoorDash does not separately compensate Drivers for their on-call time worked, or the drive time worked.

13

14

15

46.     As a result of DoorDash's uniform policy and practice of refusing to compensate Drivers for time worked, DoorDash has failed to provide its Drivers with minimum wage for this time worked.

16

17

### FOURTH CAUSE OF ACTION

18

### (Failure to Timely Pay Wages)

19

20

47.     Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 46 hereof, inclusive.

21

22

48.     At all times relevant hereto, California Labor Code §204 requires that all wages are due and payable twice in each calendar month.

23

24

49.     DoorDash violated Labor Code §204 by systematically refusing to pay overtime premium wages due to Drivers under the Wage Order.

25

26

27

28

COMPLAINT AND DEMAND FOR JURY TRIAL

## FIFTH CAUSE OF ACTION

### (Failure to Pay Wages on Termination)

50.     Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 49 hereof, inclusive.

51.     Labor Code §§201 and 202 require that DoorDash pay each Driver all of the wages earned by that employee at the time of termination for an involuntary termination and within 72 hours of termination for a voluntary termination.

52.     At all times relevant hereto, DoorDash has terminated Drivers who were entitled to overtime wages earned under the applicable Wage Order at the time that the Drivers' employment with ended.

53.     At all times relevant hereto, Drivers who were entitled to overtime wages earned under the applicable Wage Order have voluntarily quit their jobs.

54.     DoorDash maintains a policy and practice of willfully refusing to pay any Driver the overtime wages to which he or she is entitled under the Wage Order at any time after that Driver's termination or resignation.

55.     DoorDash knowingly, and with oppression, fraud or malice, deliberately withheld overtime payments from its terminated Drivers.

## SIXTH CAUSE OF ACTION

### (Failure to Provide an Accurate Itemized Paystub)

56.     Plaintiff realleges and incorporates herein by this reference the allegations of Paragraphs 1 through 55 hereof, inclusive.

57.     At all times relevant hereto, Paragraph 7 of the applicable Wage Order has required that every employer shall semimonthly, or at the time of each payment of wages, furnish each employee an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer.

1      58.    California Labor Code §226(a) requires that each pay period DoorDash

2 must provide each Driver with an itemized statement as required by the Wage Order.

3      59.    At all times relevant hereto, DoorDash violated the Wage Order and Labor

4 Code §226(a) by failing to provide Drivers with any itemized statement at all.

## SEVENTH CAUSE OF ACTION

### (Failure to Provide Equipment or Reimburse Business Expenses)

60.    Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 59 hereof, inclusive.

61.    At all times relevant hereto, Paragraphs 8 and 9 of the applicable Wage Order have required that an employer provide its employees with any tools or equipment that are required by the employer or are necessary to the performance of the job.

62.    DoorDash requires every Driver to use a cellular telephone or tablet device with a wireless data connection in order to send and receive information regarding the pickup, transportation and delivery of food to DoorDash's customers.

63.    DoorDash requires every Driver to use a motor vehicle in order to deliver food to its customers.

64.    During all times relevant hereto, DoorDash maintained a uniform policy of refusing to provide cellular telephones, tablet devices, or motor vehicles to Drivers, despite the fact that this equipment is both required by Drivers and necessary to the performance of the job.

65.    During all times relevant hereto, DoorDash maintained a uniform policy of refusing to reimburse Drivers for the cost of cellular telephones, tablet devices, wireless data connections or motor vehicles, despite the fact that this equipment is both required by DoorDash and necessary to the performance of the job.

66.    Defendant acted with oppression, fraud and malice in deliberately misclassifying the Drivers and refusing to reimburse the Drivers' business expenses.

1

2

## EIGHTH CAUSE OF ACTION

### (Violation of Labor Code Section 432.6)

3

4

67.     Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 66 hereof, inclusive.

5

6

7

8

68.     Labor Code §432.6 prohibits an employer from requiring, as a condition of employment, continued employment or receipt of any employment-related benefit, any applicant for employment or any employee to waive any right, forum or procedure for a violation of any provision of the California Labor Code.

9

10

11

12

69.     Section 432.6 prohibits an employer from requiring, as a condition of employment, any employee or applicant for employment to enter into a mandatory arbitration clause with respect to any claims such employee or applicant might have for the employer's violations of the California Labor Code.

13

14

15

16

70.     Section 432.6 prohibits an employer from threatening, retaliating against, discriminating against, or terminating any employee or applicant for employment because of such employee's or applicant's refusal to consent to the waiver of any right, forum or procedure for violation of the California Labor Code.

17

18

19

71.     Defendant has a uniform policy and practice of terminating employees on the basis that the employees have opted out of Defendant's arbitration program.  This policy and practice directly violates Section 432.6.

20

21

## NINTH CAUSE OF ACTION

22

### (Breach of Contract)

23

24

72.     Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 71 hereof, inclusive.

25

26

27

73.     Upon hiring Drivers to work for DoorDash, DoorDash requires Drivers to enter into a written agreement with DoorDash regarding the purported terms and conditions of employment.

28

-11-

74.    This agreement provides that DoorDash will permit the Drivers to opt out of its arbitration agreement by giving notice to DoorDash within 30 days, and will permit the Drivers to continue working for DoorDash following a valid opt out.

75.    Plaintiff gave notice to DoorDash of his desire to opt out of arbitration within 30 days of commencing his employment with DoorDash.  Plaintiff's notice satisfied all of the conditions set forth in the written agreement with DoorDash for validly opting out of DoorDash's arbitration program.

76.    Upon receipt of Plaintiff's notice of opting out of arbitration, Defendant terminated Plaintiff's employment.

77.    During the period of time covered by this action, Defendant has maintained a uniform policy and practice of terminating each Driver who gave notice of his or her intention to opt out of DoorDash's arbitration program.

78.    DoorDash's termination of Drivers who opted out of arbitration is a breach of the written agreement between DoorDash and each such Driver, including Plaintiff.

79.    The termination of such Drivers, including Plaintiff, damaged each Driver to the extent that he or she lost the income that he or she would have earned working for Defendant.

### TENTH CAUSE OF ACTION
### (Wrongful Termination)

80.    Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 79 hereof, inclusive.

81.    The State of California has a clearly expressed public policy that prohibits an employer from requiring an employee to agree to settle disputes arising out of the Labor Code via binding arbitration as a condition of employment.  That fundamental public policy is expressed in AB 51, Labor Code §432.6 and Government Code §12953 as enacted on October 10, 2019.

-12-

82.     By terminating each employee who opted out of its arbitration program, Defendant violated the clearly stated California public policy against conditioning employment on the employee's agreement to arbitrate employment-related disputes.

83.     Such terminations were wrongful, against public policy, and subject DoorDash to liability for damages to such terminated Drivers.

84.     Defendant acted with oppression, fraud or malice in deliberately violating California's public policy by terminating Drivers who opted out of arbitration.

### ELEVENTH CAUSE OF ACTION

### (Violation of Business and Professions Code §17200 *et seq.*)

85.     Plaintiff realleges and incorporates herein by this reference the allegations of Paragraphs 1 through 84 hereof, inclusive.

86.     The conduct described in the First through Tenth causes of action constitute unfair business practices.

87.     By deliberately misclassifying its Drivers as independent contractors, DoorDash avoided substantial expenses and thereby enriched itself at the expense of the Drivers.

88.     The Drivers have suffered injury in fact as a result of DoorDash's aforementioned conduct, in the form of lost income and benefits, and privileges of employment.

### CLASS ACTION ALLEGATIONS

89.     Plaintiff realleges and incorporates herein by this reference the allegations of Paragraphs 1 through 88 hereof, inclusive.

90.     Plaintiff is informed and believes, and thereon alleges, that DoorDash employs over 10,000 Drivers who drive exclusively in California.

-13-

91.     Plaintiff is informed and believes, and thereon alleges, that DoorDash requires all Drivers in California to agree to an identical form contract in order to work for Door Dash.  The company revises the contract from time to time, but at any given time, the contract is identical with regard to all Drivers in California.

92.     Plaintiff is informed and believes, and thereon alleges, that all Drivers in California have been subject to DoorDash's violations of the Wage Order and California Business and Professions Code §17200 *et seq.*

93.     Plaintiff is informed and believes, and thereon alleges, that Plaintiff has been subject to the exact same violations of the Wage Order and California Business and Professions Code described herein as all other Drivers.

94.     Plaintiff has agreed to fairly and adequately represent the rights of the class.

95.     Plaintiff has the means to fairly and adequately represent the rights of the class.

96.     Plaintiff is informed and believes, and thereon alleges, that his claims are typical of the class.

97.     Plaintiff is informed and believes, and thereon alleges, that common questions of law and fact predominate with regard to all class claims.

98.     Plaintiff is informed and believes, and thereon alleges, that a class action is superior to all other available means of resolving the class members' claims.

99.     Plaintiff is informed and believes, and thereon alleges, that treatment of the instant claims as a class action will accrue substantial benefits to the litigants, the class, the public, and the courts.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant DoorDash, Inc. and Does 1 through 10, inclusive, and each of them, as follows:

-14-

**ON THE FIRST CAUSE OF ACTION:**

1. For the civil penalties described in Labor Code §226.8 for all violations set forth by this cause of action;

2. For the relief provided for by Labor Code §226.8(e) and (f); and

3. For attorney fees and costs, pursuant to California Labor Code §2699(g).

**ON THE SECOND CAUSE OF ACTION:**

1. For temporary, preliminary and permanent injunctive relief against Defendant's ongoing violations of the Wage Order;

2. For damages according to proof;

3. For recovery of unpaid wages due pursuant to Labor Code §1194;

4. For the civil penalties described in Labor Code §558 (exclusive of amounts in recovery of underpaid wages) for all violations set forth by this cause of action, pursuant to Labor Code §2699(a);

5. For attorney fees and costs reasonably incurred, in accordance with Labor Code §§218.5, 1194, 2699(g)(1) and California Code of Civil Procedure §1021.5;

6. For interest pursuant to Labor Code §§218.5, 1194, 2699(g)(1) and Civil Code §3287; and

7. For punitive damages.

**ON THE THIRD CAUSE OF ACTION:**

1. For temporary, preliminary and permanent injunctive relief against Defendant's ongoing violations of the Labor Code;

2. For damages according to proof;

3. For restitution of unpaid wages;

4. For liquidated damages pursuant to Labor Code §1194.2;

5. For the civil penalties described in Labor Code §§2699(f) and 1197.1 for all violations set forth by this cause of action;

-15-

6. For attorney fees and costs reasonably incurred, in accordance with California Labor Code §§218.5, 2699 and 1194, and California Code of Civil Procedure §1021.5; and

7. For interest pursuant to Labor Code §§218.6 and 1194, and Civil Code §3287.

## ON THE FOURTH CAUSE OF ACTION:

1. For temporary, preliminary and permanent injunctive relief against Defendant's ongoing violations of the Wage Order;

2. For the civil penalties described in Labor Code §210 for all violations set forth by this cause of action;

3. For attorney fees and costs reasonably incurred, in accordance with Labor Code §2699(g)(1) and California Code of Civil Procedure §1021.5; and

4. For interest pursuant to Labor Code §2699(g)(1).

## ON THE FIFTH CAUSE OF ACTION:

1. For temporary, preliminary and permanent injunctive relief against Defendants' ongoing violations of the Wage Order;

2. For waiting time penalties pursuant to Labor Code §203;

3. For the civil penalties described in Labor Code §2699(f) for all violations set forth by this cause of action;

4. For attorney fees and costs reasonably incurred, in accordance with Labor Code §§218.5, 1194, 2699(g)(1) and California Code of Civil Procedure §1021.5;

5. For interest pursuant to Labor Code §§218.5, 1194, 2699(g)(1) and Civil Code §3287; and

6. For punitive damages.

-16-

COMPLAINT AND DEMAND FOR JURY TRIAL

**ON THE SIXTH CAUSE OF ACTION:**

1.  For temporary, preliminary and permanent injunctive relief against Defendants' ongoing violations of the Wage Order;

2.  For penalties pursuant to Labor Code §226(e);

3.  For the civil penalties described in Labor Code §226.3 for all violations set forth by this cause of action or, alternatively, if such civil penalties are not available, for civil penalties pursuant to Labor Code §2699(f);

4.  For attorney fees and costs reasonably incurred, in accordance with Labor Code §§226(e), 2699(g)(1) and California Code of Civil Procedure §1021.5; and

5.  For interest pursuant to Labor Code §2699(g)(1) and Civil Code §3287.

**ON THE SEVENTH CAUSE OF ACTION:**

1.  For temporary, preliminary and permanent injunctive relief against Defendants' ongoing violations of the Wage Order;

2.  For damages according to proof;

3.  For restitution of all expenses associated with tools or equipment that were required by DoorDash or necessary to performance of the Drivers' work for DoorDash;

4.  For the civil penalties described in Labor Code §2699(f) for all violations set forth by this cause of action;

5.  For attorney fees and costs reasonably incurred, in accordance with Labor Code §§2802(c), 2699(g)(1) and California Code of Civil Procedure §1021.5;

6.  For interest pursuant to Civil Code §3287; and

7.  For punitive damages.

**ON THE EIGHTH CAUSE OF ACTION:**

1.  For injunctive relief;

2.  For damages according to proof;

-17-

3. For back wages and benefits owed;

4. For front pay;

5. For the civil penalties described in Labor Code §2699(f) for all violations set forth by this cause of action;

6. For attorney fees and costs reasonably incurred, in accordance with Labor Code §§432.6(d), 2699(g)(1) and California Code of Civil Procedure §1021.5; and

7. For interest pursuant to Civil Code §3287.

**ON THE NINTH CAUSE OF ACTION**

1. For damages according to proof; and

2. For interest pursuant to Civil Code §3289.

**ON THE TENTH CAUSE OF ACTION:**

1. For damages according to proof;

2. For back wages and benefits owed;

3. For front pay;

4. For interest pursuant to Civil Code §3287; and

5. For punitive damages.

**ON THE ELEVENTH CAUSE OF ACTION:**

1. For temporary, preliminary and permanent injunctive relief against Defendants' ongoing violations of the Labor Code as described herein;

2. For restitution of payments unlawfully withheld;

3. For attorney fees and costs reasonably incurred pursuant to California Code of Civil Procedure §1021.5; and

4. For interest pursuant to Civil Code §3287.

-18-

COMPLAINT AND DEMAND FOR JURY TRIAL

**ON ALL CAUSES OF ACTION:**

1. For costs of suit, to the extent not otherwise prayed for above;

2. For attorney fees to the extent not otherwise prayed for above;

3. For interest on amounts recoverable; and

4. For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

DATED:  July 17, 2020                              THE GRAVES FIRM

By:  _____
                                                                    ALLEN GRAVES
                                                        Attorney for Plaintiff
                                                        Kevin Saunders

-19-

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA                                          )

3                                                            ) ss:
COUNTY OF LOS ANGELES                                        )

4

5          I am employed in the County of Los Angeles, State of California.  I am over the
age of 18, and not a party to the within action.  My business address is 122 N. Baldwin

6    Ave., Main Floor, Sierra Madre, CA 91024.

7          On July 17, 2020, I served the following document(s) described as:

8
**LETTER TO LWDA REGARDING NEW PAGA CLAIM NOTICE**

9    **AND DRAFT COMPLAINT**

10
by transmitting a true and correct copy thereof addressed as follows:

11

DoorDash, Inc.

12   c/o Registered Agent Solutions, Inc.
1220 S Street, Ste. 150

13   Sacramento, CA 95811

14

☒  **VIA U.S. CERTIFIED MAIL:**

15   I am readily familiar with the firm's practice of collection and processing of
correspondence for mailing.  Under that practice such sealed envelope(s) would be

16   deposited with the U.S. postal service on July 17, 2020 with postage thereon fully prepaid,
at Sierra Madre, California.

17

18   ☐  **VIA EMAIL:**
I personally sent such document(s) via email to the known email address of the person(s)

19   on whom it is to be served before 5:00 p.m.

20   ☐  **VIA FACSIMILE:**

21   I personally sent such document(s) via facsimile to the known facsimile number of the
person(s) on whom it is to be served before 5:00 p.m.

22

23          I declare under penalty of perjury under the laws of the State of California that the
above is true and correct and was executed on July 17, 2020, at Sierra Madre, California.

24   _____        _____
              Jenny Graves                                 Signature

25   Type or Print Name

26

27

28

*FOLD OVER TOP OF ENVELOPE

USPS CERTIFIED MAIL™

stamps
endicia

062S0012913542

US POSTAGE AND FEES PAID

FIRST-CLASS
Jul 17 2020
Mailed from ZIP 91024
5 oz First-Class Mail Flats Rate

1192327S

USPS CERTIFIED MAIL

9407 1118 9876 5822 0180 92

DoorDash, Inc.
c/o Registered Agent Solutions, Inc.
1220 S ST STE 150
SACRAMENTO CA 95811-7147

The Graves Firm
122 N BALDWIN AVE
MAIN FLOOR
SIERRA MADRE CA 91024-1938

# EXHIBIT G

**RASi REGISTERED AGENT SOLUTIONS INC**

Registered Agent Solutions, Inc.
*Corporate Mailing Address*
1701 Directors Blvd.
Suite 300
Austin, TX 78744

Phone: (888) 705-RASi (7274)

# SERVICE OF PROCESS RECEIPT

07/22/20

Erin Anderegg
**DoorDash, Inc.**
303 2nd Street,
South Tower Suite 800
San Francisco, CA 94107 USA

### NOTICE OF CONFIDENTIALITY

This notice and the information it contains are intended to be a confidential communication only to the individual and/or entity to whom it is addressed. If you have received this notice in error, immediately call our SOP Department at (888) 705-7274.

**RE:  DoorDash, Inc.**

This receipt is to inform you that Registered Agent Solutions, Inc. has received a Service of Process on behalf of the above-referenced entity as your registered agent and is hereby forwarding the attached document(s) for your immediate review.  A summary of the service is shown below; however, it is important that you review the attached document(s) in their entirety for complete and detailed information.
For additional information and instruction, contact the document issuer:  THE GRAVES FIRM

| **SERVICE INFORMATION** | | **RASi REFERENCE INFORMATION** | |
|---|---|---|---|
| Service Date: | 7/22/2020 | Service No.: | 0143427 |
| Service Time: | 1:35 PM PDT | RASi Office: | California |
| Service Method: | Process Server | Rec. Int. Id.: | AC |

**CASE INFORMATION**                           **ANSWER / APPEARANCE INFORMATION**

| Case Number: | CGC-20-585467 | 30 days | *(Be sure to review the document(s) for any required response dates)* |
|---|---|---|---|
| File Date: | 07/20/2020 | | |
| Jurisdiction: | SUPERIOR COURT IN AND FOR SAN FRANCISCO COUNTY, CALIFORNIA | | |
| Case Title: | KEVIN SAUNDERS, ET AL., VS. DOORDASH, ET AL., | | |

**AGENCY / PLAINTIFF INFORMATION**

| Firm/Issuing Agent: | THE GRAVES FIRM |
|---|---|
| Attorney/Contact: | ALLEN GRAVES |
| Location: | California |
| Telephone No.: | 626-240-0575 |

**DOCUMENT(S) RECEIVED & ATTACHED**

Complaint
Summons

**ADDITIONAL NOTES**

**Questions or Comments...** Should you have any questions or need additional assistance, please contact the SOP Department at (888) 705-7274.

You have been notified of this Service of Process by Insta-SOP Delivery, a secure email transmission. The transmitted documents have also been uploaded to your Corpliance account.  RASi offers additional methods of notification including Telephone Notification and FedEx Delivery.  If you would like to update your account's notification preferences, please log into your Corpliance account at www.rasi.com.

*Thank you for your continued business!*

1   THE GRAVES FIRM
2   ALLEN GRAVES (SB#204580)
    allen@gravesfirm.com
3   JACQUELINE TREU (SB#247927)
    jacqueline@gravesfirm.com
4   JENNY YU (SB#253033)
    jennyyu@gravesfirm.com
5   122 N. Baldwin Ave., Main Floor
6   Sierra Madre, CA  91024
7   Telephone: (626) 240-0575
    Facsimile: (626) 737-7013
8
9   Attorneys for Plaintiff
    Kevin Saunders
10
        SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN FRANCISCO
11
                    UNLIMITED CIVIL JURISDICTION
12
13  Kevin Saunders, an individual, in his      CASE NO.:  CGC-20-585467
    individual and representative capacity,
14                                             **PLAINTIFF'S APPLICATION FOR
                Plaintiff,                     COMPLEX CASE DESIGNATION**
15
16      v.                                     [*Declaration of Allen Graves filed
                                               concurrently*]
17  DoorDash, Inc., and DOES 1 through
    10, inclusive,                             Judge:   Hon. Ann-Christine Massullo
18                                             Dept.:   304
                Defendants.
19                                             [NO HEARING REQUIRED]
20
21                                             Trial Date:      None set
                                               Complaint Filed:  July 17, 2020
22
23
24
25
26
27
28

    APPLICATION FOR COMPLEX CASE DESIGNATION

1

## I.     INTRODUCTION

2          This is a complex case.  On July 17, 2020, Plaintiff Kevin Saunders ("Plaintiff")

3   filed the present class action complaint against DoorDash, Inc. ("DoorDash").  Graves

4   Decl. ¶2.  The Complaint alleges that DoorDash misclassified all persons employed by

5   DoorDash in California whose primary job consists of delivering food to customers

6   ("Drivers").  *Id.* ¶3.  The Complaint alleges that, as a result, DoorDash failed to pay

7   overtime, pay timely wages, pay wages on termination, provide an accurate itemized

8   paystub, or reimburse business expenses.  *Id.*  Plaintiff also alleges that the conduct in

9   which DoorDash engaged constitutes an unfair business practice in violation of the

10  California Business and Professions Code sec. 17200.  *Id.*  Plaintiff provisionally

11  designated the case as complex. Rules of Court, rule 3.400(c)(6).  *Id.* ¶2.

12         The state of California has put a high priority on eliminating unlawful independent

13  contractor misclassification, and that public policy has resulted in a robust and complex

14  web of statutory provisions and judicial opinions that will govern the instant case.  Indeed,

15  the instant case will be directly impacted by new California statutory law (Labor Code

16  §2750.3, enacted by AB 5) that is less than a year old.

17         Plaintiff's counsel has experience in class and representative action employment

18  matters and believes that this case should be managed by the Complex Civil Litigation

19  Department of this Court.  *Id.* ¶¶ 8.  The case will involve time-consuming pretrial

20  motions, including Plaintiff's anticipated motions for class certification and summary

21  judgment.  *Id.* at ¶8.  The case involves more than 10,000 putative class members and will

22  involve discovery and analysis of electronically stored information with regard to all of

23  those individuals.  *Id.*  This case will also require continuing post-judgment judicial

24  supervision if Plaintiff prevails.  *Id.* ¶ 9.

25         This Application is being made at the earliest practicable time.  Graves Decl. ¶10.

26  No pretrial matters or motions are before the Court, and Defendant has not filed any

27  cross-action.  *Id.*  In light of the foregoing, the case is best managed in the Complex Civil

28  Litigation Department of this Court.

APPLICATION FOR COMPLEX CASE DESIGNATION

## II.    COMPLEX DESIGNATION UNDER CRC RULE 3.400

"A complex case is an action that requires exceptional judicial management to avoid placing unnecessary burdens on the court or the litigants and to expedite the case, keep costs reasonable, and promote effective decision making by the court, the parties and counsel." Cal. Rules of Court, rule 3.400(a).

Cal. Rules of Court, rule 3.400(b) provides several factors the Court must consider when deciding whether an action is complex:

(1) Numerous pretrial motions raising difficult or novel legal issues that will be time-consuming to resolve;

(2) Management of a large number of witnesses or a substantial amount of documentary evidence;

(3) Management of a large number of separately represented parties;

(4) Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court; or

(5) Substantial post-judgment judicial supervision.

Any party may designate a case as complex by filing a Civil Case Cover Sheet that identifies the matter as complex. *See generally* Cal. Rules of Court, rules 3.401, 3.402. In this case, Plaintiff provisionally designated the case as complex pursuant to Cal. Rules of Court, rule 3.400(c)(6), and now seeks confirmation of that designation. Complex designation is appropriate as the instant case presents important pretrial motions that will raise novel legal issues, requires management of a substantial amount of electronically-stored information, and will require substantial post-judgment judicial supervision after Plaintiff prevails at trial or summary judgment. Indeed, even a settlement in this matter is likely to require substantial ongoing work by the Court to ensure compliance with the terms of the applicable nonmonetary relief.

-3-

## III.   THE CASE IS PROPERLY DESIGNATED AS COMPLEX

The factors set forth in rule 3.400 strongly support complex designation of this case:

### A. The Case Will Require Exceptional Judicial Management

A case involving a large number of putative class members and related data is best managed by the Complex Civil Litigation Department.  Plaintiff brings this class action on behalf what he believes to be more than 10,000 Drivers who made food deliveries for Defendant.  The case will involve discovery and analysis of a great deal of electronically-stored information including information on hours worked by, and payments made to, the members of the putative class.  As a result, the discovery process will require a high level of continuous judicial involvement.  The case will also involve discovery of contact information for all the members of this relatively large group.  Complex civil case management is specifically designed for cases with these kinds of needs and will be most efficient for all parties and the Court.

### B. Novel Legal Issues Will be Raised

Plaintiff brings his complaint at a time of rapid change in the law that governs independent contractor misclassification claims.  For example, Labor Code §2750.3, passed by the Legislature last year, and effective January 1, 2020, will have significant implications on Plaintiff's allegation that Defendant misclassified Drivers as independent contractors.  The statutory scheme is so new that no precedential authority yet exists interpreting it.  Such complex and novel issues are regularly managed by the Complex Civil Litigation Department.

### C. The Case Will Likely Necessitate Significant Post-Judgment Supervision

There is a strong potential that this case will require significant post-judgment supervision and management by the Court.  Plaintiff has requested permanent injunctive relief that will require Defendant to reclassify its Drivers as employees and comply with the applicable Wage Order and Labor Code provisions going forward. After Plaintiff prevails at trial or summary judgment, the Court will need to continue post-judgment

-4-

1   supervision to ensure compliance with the injunctive relief as ordered. Additionally, if the

2   case resolves either through settlement or by Plaintiff prevailing on his representative

3   claims, the Court must approve the settlement or award, and oversee the distribution of the

4   settlement amount or damages awarded to class members. Cal. Rules of Court, Rule

5   3.769. In the case of a settlement, the Court will need to manage the case through several

6   post-settlement stages including preliminary approval, notice and distribution, and final

7   approval, before dismissal. *Id.* Complex departments are best equipped to handle such

8   long post-judgment processes.

9   **D. Class Action Claims Are Complex by Nature**

10         This case is deemed provisionally complex under CRC 3.400(c)(6) because it is a

11  putative class action. An essential part of a putative class action is class certification.

12  Class certification will require at least one significant and technical pretrial motion. It

13  will also require management of a large amount of electronically stored information and

14  witness contact information relevant to class certification issue.

15         These substantial and technical discovery issues are best adjudicated by the

16  Complex Civil Litigation Department.

17                    **IV.    CONCLUSION**

18         The large amount of discovery and witnesses, and the complex issues of fact and

19  law in this case all will benefit from oversight by the Complex Civil Litigation

20  Department. For the foregoing reasons, Plaintiff respectfully requests that the Court

21  approve this Application for Complex Case Designation, designate the matter as complex,

22  and assign the matter to the Complex Civil Litigation Department.

23

24  DATED:  August 4, 2020            THE GRAVES FIRM

25

26                                   By: _____

27                                            ALLEN GRAVES
                                     Attorney for Plaintiff
28                                   Kevin Saunders

-5-

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA                                )
                                                   )
3                                                  ) ss:
                                                   )
COUNTY OF LOS ANGELES                              )

4

5       I am employed in the County of Los Angeles, State of California.  I am over the age of 18, and not a party to the within action.  My business address is 122 N. Baldwin Ave., Main Floor, Sierra Madre, CA 91024.

6

7       On August 5, 2020, I served the following document(s) described as:

8       **PLAINTIFF'S APPLICATION FOR COMPLEX CASE DESIGNATION**

9   on the interested parties by transmitting a true and correct copy thereof addressed as follows:

10      DoorDash, Inc.
        c/o Registered Agent Solutions, Inc., Registered Agent
11      1220 S Street, Suite 150
        Sacramento, CA 95811
12

13      **VIA ELECTRONIC SUBMISSION:** I served said document(s) via File & Serve Xpress on all parties registered in this action.

14

15  ☒   **VIA U.S. MAIL:** I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice such sealed envelope(s) would be deposited with the U.S. postal service on August 5, 2020, with postage thereon fully prepaid, at Sierra Madre, CA.

16

17      **VIA EMAIL:** I personally sent such document(s) via email to the known email address of the person(s) on whom it is to be served before 5:00 p.m.

18

19  I declare under penalty of perjury under the laws of the State of California that the above is true and correct and was executed on August 5, 2020, at Sierra Madre, California.

20

21  _____                    _____
        Jacqueline Treu                              /s/ Jacqueline Treu
22  Type or Print Name                           Signature

23

24

25

26

27

28

THE GRAVES FIRM
ALLEN GRAVES (SB#204580)
allen@gravesfirm.com
JACQUELINE TREU (SB#247927)
jacqueline@gravesfirm.com
JENNY YU (SB#253033)
jennyyu@gravesfirm.com
122 N. Baldwin Ave., Main Floor
Sierra Madre, CA  91024
Telephone: (626) 240-0575
Facsimile: (626) 737-7013

Attorneys for Plaintiff
Kevin Saunders

SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN FRANCISCO

UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| Kevin Saunders, an individual, in his individual and representative capacity,<br><br>Plaintiff,<br><br>v.<br><br>DoorDash, Inc., and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: CGC-20-585467<br><br>**DECLARATION OF ALLEN GRAVES IN SUPPORT OF PLAINTIFF'S APPLICATION FOR COMPLEX CASE DESIGNATION**<br><br>Judge:   Hon. Ann-Christine Massullo<br>Dept.:   304<br><br>[NO HEARING REQUIRED]<br><br>Trial Date:      None set<br>Complaint Filed:  July 17, 2020 |

DECLARATION OF ALLEN GRAVES

1    I, Allen Graves, declare,

2    1.    I am an attorney duly licensed to practice in the State of California.  I am an

3    attorney of record for Plaintiff and putative Class Representative Kevin Saunders in the

4    above-captioned matter.  I make this declaration in support of Plaintiff's Application for

5    Complex Designation.

6    2.    On July 17, 2020, my office filed the present class action complaint against

7    DoorDash, Inc. ("DoorDash").  In conjunction with the filing of the Plaintiff's initial

8    complaint, this office filed a Civil Case Cover Sheet, provisionally designating the case as

9    complex.  Attached hereto as Exhibit A is a true and correct copy of the initial complaint,

10   including the Civil Case Cover Sheet.

11   3.    In the Complaint, Plaintiff alleges that DoorDash misclassified individuals

12   whom DoorDash employed as Drivers to deliver food to customers.  Claims include:

13   (1) failure to pay overtime wages, (2) failure to timely pay wages, (3) failure to pay wages

14   on termination, (4) failure to provide an accurate itemized paystub, (5) failure to

15   reimburse business expenses, and (6) violation of Cal. Business and Professions Code sec.

16   17200 *et seq*.  Plaintiff brings this action on behalf of himself, and on behalf of a class of

17   similarly situated drivers.

18   4.    I have extensive experience in class and representative action employment

19   matters.  I am the principal at The Graves Firm.  The firm is dedicated to representing

20   plaintiffs in employment litigation.

21   5.    I am a graduate of Michigan Law School.  After graduating with honors

22   from the University of Michigan School of Law, I practiced at Paul, Hastings, Janofsky

23   and Walker ("Paul Hastings") from 1999 until 2004.  While at Paul Hastings, I specialized

24   exclusively in employment litigation and represented several of the nation's largest

25   employers in wage and hour class actions. During my tenure at Paul Hastings, that firm

26   was ranked by *The American Lawyer* as the best employment law practice in the United

27   States.

28

-2-

6.     Since leaving Paul Hastings, I have served as lead counsel in numerous wage and hour class actions and have an established history of obtaining substantial recoveries for the employees that I represent.  The class action cases in which I have successfully served as lead counsel include: *Waters v. Vivendi Universal Entertainment* (BC316823); *Barrera v. Ruby's Diner* (06CC00017); *Juang v. Vivendi Universal Games* (BC342789); *Ressler v. Federated, Inc.* (BC335018); *Butler v. Southwest Airlines* (BC372357); *Mills v. Bed Bath & Beyond* (BC316825); *Madison v. Cedar Fair* (07CC01407); *Bonilla v. Regis Corporation* (30-2009-00329724); *Mills v. Sur La Table* (BC421265); *Krueger v. California Institute of Technology* (BC441480); *Williams v. The Sherwin-Williams Company* (CV080338); *Swain v. Ryder Integrated Logistics, Inc.* (3:10-cv-04192-CRB); *Ortiz v. ARG* (30-2014-00726341-CU-OE-CXC); *Barajas v. Marlu* (BC630452); and *Thompson v. Target* (BC474522).

7.     I have lectured and served as an instructor for Continuing Education of the Bar (CEB), The Employers Group, and other professional organizations.

8.     I believe this case has been appropriately designated, on a provisional basis, as complex, and should be managed by the Complex Civil Litigation Department of this Court.  The case will involve time-consuming pretrial motions, including anticipated motions for class certification and judgment.  In addition, I believe that the case will involve the discovery and analysis of relevant, electronically stored information for more than 10,000 putative class members.  The case will also require discovery regarding contact information for all of the putative class members in the management of that process is generally best accomplished by a complex litigation division.

9.     If Plaintiff prevails, this case will require continuing postjudgment judicial supervision because Plaintiff has requested prospective injunctive relief.  In addition, any settlement or judgment in favor of Plaintiff will require substantial Court oversight in the noticing of class members and distribution of the settlement amount or monies awarded to the class.

-3-

DECLARATION OF ALLEN GRAVES

1    10.    This application is made at the earliest practicable time.  To date, the Court

2  has had no involvement in pretrial matters, there are no motions pending, Defendant has

3  not appeared, and Defendant has not filed any cross-action.

4

5       I declare under penalty of perjury under the laws of the State of California that the

6  foregoing is true and correct.  Executed this 4th day of August, 2020 at Sierra Madre,

7  California.

8

9                                              Allen Graves

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Allen Graves (SB#204580)
Jacqueline Treu (SB#247927)
122 N. Baldwin Ave., Main Floor
Sierra Madre, CA 91024
TELEPHONE NO.: (626) 240-0575    FAX NO.: (626) 737-7013
ATTORNEY FOR *(Name):* Plaintiff Kevin Saunders

**F I L E D**
Superior Court of California
County of San Francisco

JUL 20 2020

CLERK OF THE COURT
BY: _____
Deputy Clerk
BOWMAN LIU

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Saunders v. DoorDash, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | CGC-20-585467 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties     d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve     e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence     f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* Ten
5. This case ☑ is ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: July 17, 2020

Jacqueline Treu
*(TYPE OR PRINT NAME)*                                        *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

ORIGINAL   FAXED

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                              CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
            or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                        **CIVIL CASE COVER SHEET**                              Page 2 of 2

THE GRAVES FIRM
ALLEN GRAVES (SB#204580)
allen@gravesfirm.com
JACQUELINE TREU (SB#247927)
jacqueline@gravesfirm.com
JENNY YU (SB#253033)
jennyyu@gravesfirm.com
122 N. Baldwin Ave., Main Floor
Sierra Madre, CA 91024
Telephone: (626) 240-0575
Facsimile: (626) 737-7013

Attorneys for Plaintiff
Kevin Saunders

F I L E D
Superior Court of California
County of San Francisco

JUL 20 2020

CLERK OF THE COURT
BY: _____
Deputy Clerk

BOWMAN LIU

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

Kevin Saunders, an individual, in his
individual and representative capacity,

Plaintiff,

v.

DoorDash, Inc., and DOES 1 through
10, inclusive,

Defendants.

CASE NO.: CGC-20-585467

**CLASS ACTION COMPLAINT FOR:**

1. **Failure to Pay Overtime Wages;**

2. **Failure to Pay Minimum Wage;**

3. **Failure to Pay Wages on Termination;**

4. **Failure to Provide an Accurate Itemized Paystub;**

5. **Failure to Reimburse Business Expenses;**

6. **Breach of Contract;**

7. **Wrongful Termination in Violation of Public Policy; and**

8. **Violation of Business and Professions Code §17200 et seq.**

**DEMAND FOR JURY TRIAL**

1     Plaintiff Kevin Saunders ("Plaintiff") alleges as follows:

2

3                              **INTRODUCTION**

4        1.      In this Complaint, Plaintiff uses the term "Driver" to refer to individuals

5     employed by Defendant DoorDash, Inc. ("DoorDash" or "Defendant"), whose primary

6     job duties consist of delivering food to customers as part of the food delivery service that

7     is DoorDash's primary business.

8        2.      Plaintiff brings this Complaint as a class action pursuant to California Code

9     of Civil Procedure §382.  The class is defined as follows: each individual whom

10    DoorDash has employed as a Driver in California at any time since the date four years

11    prior to the filing of the instant case and whom DoorDash has classified as an independent

12    contractor.  Putative class members are referred to herein as "Drivers."

13

14                             **THE PARTIES**

15       3.      Plaintiff Kevin Saunders ("Saunders" or "Plaintiff") is a citizen of the

16    United States.  From a time beginning prior to the filing of the instant complaint and

17    continuing to the present day, DoorDash has employed Saunders as a food delivery driver

18    in California as part of the food delivery service that is DoorDash's primary business.

19       4.      Defendant DoorDash is a corporation organized under the laws of the State

20    of Delaware with its principal place of business in San Francisco, California.

21       5.      Plaintiff is currently unaware of the true names and capacities of the

22    Defendants sued herein as Does 1 through 10 (the "Doe Defendants") and therefore sues

23    the Doe Defendants by such fictitious names.  Plaintiff will amend this Complaint to

24    allege the true names and capacities of the Doe Defendants when they are ascertained.

25       6.      Plaintiff is informed and believes, and thereon alleges, that the Doe

26    Defendants are the partners, agents, or principals and co-conspirators of the named

27    Defendants and of each other; that the named Defendants and the Doe Defendants

28    performed the acts and conduct herein alleged directly, aided and abetted the performance

                                          -2-

1  thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and
2  conduct, and therefore each of the Doe Defendants is liable to Plaintiff to the extent of the
3  liability of the named Defendants as alleged herein.

4      7.     Plaintiff is informed and believes, and on that basis alleges, that at all times
5  herein mentioned, all of the Defendants are and were a single employer.

6      8.     Plaintiff is informed and believes, and on that basis alleges, that at all times
7  herein mentioned, each of the Defendants was the agent, servant and/or employee of each
8  of the other Defendants and, in connection with the matters hereinafter alleged, was acting
9  within the scope of such agency and employment, and each Defendant ratified each and
10  every act, omission and thing done by each and every other Defendant herein.

11

12                         **JURISDICTION AND VENUE**

13      9.     This Court has jurisdiction in this action because one or more Defendants
14  reside in this jurisdiction; and because service was effected on one or more Defendants
15  while voluntarily present in California.

16      10.    Venue is proper under California Code of Civil Procedure §395.5, as this is
17  the county where Defendant's principal place of business is situated.

18

19                         **COMMON ALLEGATIONS**

20      11.    Plaintiff realleges and incorporates herein by this reference the allegations
21  of Paragraphs 1 through 10 hereof, inclusive.

22      12.    DoorDash is a company whose primary business is delivering food directly
23  to its customers.  Customers access DoorDash's service through an application installed
24  on the customers' cell phone.

25      13.    DoorDash employs Drivers throughout the state of California.  Drivers pick
26  up food ordered by the customer, and then deliver the food directly to the customer.
27  The work performed by Drivers is within the usual course of DoorDash's business.

28

-3-

14.   At all times relevant hereto, DoorDash has engaged, suffered or permitted the Drivers to work for DoorDash.

15.   At all times relevant hereto, DoorDash has maintained a uniform policy of classifying all Drivers as independent contractors rather than employees.

16.   Plaintiff is informed and believes, and thereon alleges, that DoorDash's misclassification of Drivers as independent contractors is willful and done in order to deprive the Drivers of benefits due them, and to gain an economic advantage, with the full knowledge that the law requires the Drivers to be classified as employees.

17.   At all times relevant hereto, Plaintiff has been employed by DoorDash, and has performed food deliveries for DoorDash using the DoorDash application.

18.   In order to perform deliveries for DoorDash, Drivers, including Plaintiff, are required to use their own personal cellular phone or tablet device, and personal motor vehicle.  Drivers, including Plaintiff, have incurred costs in connection with acquiring, maintaining and using personal cellular phone or tablet devices and personal motor vehicles to perform deliveries for DoorDash.

19.   DoorDash has not reimbursed any of the Drivers, including Plaintiff, for any costs relating to the use of personal cell phone or personal vehicle for work purposes.

20.   Drivers, including Plaintiff, have worked shifts for DoorDash exceeding eight hours in a day.  At all times relevant hereto, DoorDash has refused to pay its Drivers, including Plaintiff, the overtime premium for the time worked over eight hours in a day.

21.   Plaintiff is informed and believes, and thereon alleges, that DoorDash's misclassification of Drivers as independent contractors is willful and done in order to deprive the Drivers of benefits due them, and to gain an economic advantage, with the full knowledge that the law requires the Drivers to be classified as employees.

-4-

1

2

**FIRST CAUSE OF ACTION**

**(Failure to Pay Overtime Premiums)**

3     22.     Plaintiff realleges and incorporates herein by this reference the allegations

4  of paragraphs 1 through 21 hereof, inclusive.

5     23.     At all times relevant hereto, Paragraph 3 of the applicable Wage Order and

6  California Labor Code §510 have required that DoorDash pay each of its Drivers one and

7  a half his or her regular rate of pay for any work in excess of 8 hours in one workday, in

8  excess of 40 hours in one workweek, and for the first 8 hours of work on the seventh day

9  of a workweek.

10     24.     Drivers work shifts for DoorDash in excess of 8 and even 12 hours per day.

11     25.     DoorDash has a uniform policy of intentionally failing to pay the overtime

12  premiums due to its Drivers for overtime work.

13

14

**SECOND CAUSE OF ACTION**

15

**(Failure to Timely Pay Wages)**

16     26.     Plaintiff realleges and incorporates herein by this reference the allegations

17  of paragraphs 1 through 25 hereof, inclusive.

18     27.     DoorDash requires its Drivers to be available and on-call for work while

19  the Drivers are logged into the DoorDash application.  While logged into the application,

20  Drivers must remain available and ready to drive and are required to remain in a limited

21  geographic area in order to be ready to fulfill DoorDash customer orders.

22     28.     Drivers also spend time working for DoorDash driving to and from

23  deliveries.

24     29.     DoorDash does not separately compensate Drivers for their on-call time

25  worked, or the drive time worked.

26     30.     As a result of DoorDash's uniform policy and practice of refusing to

27  compensate Drivers for time worked, DoorDash has failed to provide its Drivers with

28  minimum wage for this time worked.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## THIRD CAUSE OF ACTION

### (Failure to Pay Wages on Termination)

31.     Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 30 hereof, inclusive.

32.     Labor Code §§201 and 202 require that DoorDash pay each Driver all of the wages earned by that employee at the time of termination for an involuntary termination and within 72 hours of termination for a voluntary termination.

33.     At all times relevant hereto, DoorDash has terminated Drivers who were entitled to overtime wages earned under the applicable Wage Order at the time that the Drivers' employment with DoorDash ended.

34.     At all times relevant hereto, Drivers who were entitled to overtime wages earned under the applicable Wage Order have voluntarily quit their jobs.

35.     DoorDash maintains a policy and practice of willfully refusing to pay any Driver the overtime wages to which he or she is entitled under the Wage Order at any time after that Driver's termination or resignation.

## FOURTH CAUSE OF ACTION

### (Failure to Provide an Accurate Itemized Paystub)

36.     Plaintiff realleges and incorporates herein by this reference the allegations of Paragraphs 1 through 35 hereof, inclusive.

37.     At all times relevant hereto, Paragraph 7 of the applicable Wage Order has required that every employer shall semimonthly, or at the time of each payment of wages, furnish each employee an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer.

38.     California Labor Code §226(a) requires that each pay period DoorDash must provide each Driver with an itemized statement as required by the Wage Order.

-6-

39.     At all times relevant hereto, DoorDash violated the Wage Order and Labor Code §226(a) by failing to provide Drivers with any itemized statement at all.

## FIFTH CAUSE OF ACTION

### (Failure to Provide Equipment or Reimburse Business Expenses)

40.     Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 39 hereof, inclusive.

41.     At all times relevant hereto, Paragraphs 8 and 9 of the applicable Wage Order have required that an employer provide its employees with any tools or equipment that are required by the employer or are necessary to the performance of the job.

42.     DoorDash requires every Driver to use a cellular telephone or tablet device with a wireless data connection in order to send and receive information regarding the pickup, transportation and deliver of food to DoorDash's customers.

43.     DoorDash requires every Driver to use a motor vehicle in order to deliver food to its customers.

44.     During all times relevant hereto, DoorDash maintained a uniform policy of refusing to provide cellular telephones, tablet devices, or motor vehicles to Drivers, despite the fact that this equipment is both required by Drivers and necessary to the performance of the job.

45.     During all times relevant hereto, DoorDash maintained a uniform policy of refusing to reimburse Drivers for the cost of cellular telephones, tablet devices, wireless data connections or motor vehicles, despite the fact that this equipment is both required by DoorDash and necessary to the performance of the job.

## SIXTH CAUSE OF ACTION

### (Breach of Contract)

46.     Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 45 hereof, inclusive.

-7-

1     47.    Upon hiring Drivers to work for DoorDash, DoorDash requires Drivers to

2    enter into a written agreement with DoorDash regarding the purported terms and

3    conditions of employment.

4     48.    This agreement provides that DoorDash will permit the Drivers to opt out of

5    its arbitration agreement by giving notice to DoorDash within 30 days, and will permit the

6    Drivers to continue working for DoorDash following a valid opt out.

7     49.    Plaintiff gave notice to DoorDash of his desire to opt out of arbitration

8    within 30 days of commencing his employment with DoorDash.  Plaintiff's notice

9    satisfied all of the conditions set forth in the written agreement with DoorDash for validly

10    opting out of DoorDash's arbitration program.

11     50.    Upon receipt of Plaintiff's notice of opting out of arbitration, Defendant

12    terminated Plaintiff's employment.

13     51.    During the period of time covered by this action, Defendant has maintained

14    a uniform policy and practice of terminating each Driver who gave notice of his or her

15    intention to opt out of DoorDash's arbitration program.

16     52.    DoorDash's termination of Drivers who opted out of arbitration is a breach

17    of the written agreement between DoorDash and each such Driver, including Plaintiff.

18     53.    The termination of such Drivers, including Plaintiff, damaged each Driver to

19    the extent that he or she lost the income that he or she would have earned working for

20    Defendant.

21

22                  **SEVENTH CAUSE OF ACTION**

23                     **(Wrongful Termination)**

24     54.    Plaintiff realleges and incorporates herein by this reference the allegations

25    of paragraphs 1 through 53 hereof, inclusive.

26     55.    The State of California has a clearly expressed public policy that prohibits

27    an employer from requiring an employee to agree to settle disputes arising out of the

28    Labor Code via binding arbitration as a condition of employment.  That fundamental

1  public policy is expressed in AB 51, Labor Code §432.6 and Government Code §12953 as
2  enacted on October 10, 2019.

3      56.    By terminating each employee who opted out of its arbitration program,
4  Defendant violated the clearly stated California public policy against conditioning
5  employment on the employee's agreement to arbitrate employment-related disputes.

6      57.    Such terminations were wrongful, against public policy, and subject
7  DoorDash to liability for damages to such terminated Drivers.

8      58.    Defendant acted with oppression, fraud or malice in deliberately violating
9  California's public policy by terminating Drivers who opted out of arbitration.

10

11                          **EIGHTH CAUSE OF ACTION**

12                **(Violation of Business and Professions Code §17200 *et seq.*)**

13      59.    Plaintiff realleges and incorporates herein by this reference the allegations
14  of Paragraphs 1 through 58 hereof, inclusive.

15      60.    The conduct described in the First through Seventh causes of action
16  constitute unfair business practices.

17      61.    By deliberately misclassifying its Drivers as independent contractors,
18  DoorDash avoided substantial expenses and thereby enriched itself at the expense of the
19  Drivers.

20      62.    The Drivers have suffered injury in fact as a result of DoorDash's
21  aforementioned conduct, in the form of lost income and benefits, and privileges of
22  employment.

23

24                          **CLASS ACTION ALLEGATIONS**

25      63.    Plaintiff realleges and incorporates herein by this reference the allegations
26  of Paragraphs 1 through 62 hereof, inclusive.

27      64.    Plaintiff is informed and believes, and thereon alleges, that DoorDash
28  employs over 10,000 Drivers in California.

-9-

1  65.   Plaintiff is informed and believes, and thereon alleges, that DoorDash
2  requires all Drivers in California to agree to an identical form contract in order to work for
3  DoorDash.  The company revises the contract from time to time, but at any given time, the
4  contract is identical with regard to all Drivers in California.

5  66.   Plaintiff is informed and believes, and thereon alleges, that all Drivers in
6  California have been subject to DoorDash's violations of the Wage Order and California
7  Business and Professions Code §17200 *et seq.*

8  67.   Plaintiff is informed and believes, and thereon alleges, that Plaintiff has
9  been subject to the exact same violations of the Wage Order and California Business and
10  Professions Code described herein as all other Drivers.

11  68.   Plaintiff has agreed to fairly and adequately represent the rights of the class.

12  69.   Plaintiff has the means to fairly and adequately represent the rights of the
13  class.

14  70.   Plaintiff is informed and believes, and thereon alleges, that his claims are
15  typical of the class.

16  71.   Plaintiff is informed and believes, and thereon alleges, that common
17  questions of law and fact predominate with regard to all class claims.

18  72.   Plaintiff is informed and believes, and thereon alleges, that a class action is
19  superior to all other available means of resolving the class members' claims.

20  73.   Plaintiff is informed and believes, and thereon alleges, that treatment of the
21  instant claims as a class action will accrue substantial benefits to the litigants, the class,
22  the public, and the courts.

23
24  **<u>PRAYER FOR RELIEF</u>**

25  WHEREFORE, Plaintiff prays for judgment against Defendant DoorDash, Inc. and
26  Does 1 through 10, inclusive, and each of them, as follows:

27
28

-10-

**ON THE FIRST CAUSE OF ACTION:**

1. For temporary, preliminary and permanent injunctive relief against Defendants' ongoing violations of the Wage Order;

2. For damages according to proof;

3. For recovery of unpaid wages due pursuant to Labor Code §1194;

4. For attorney fees and costs reasonably incurred, in accordance with Labor Code §§218.5, 1194 and California Code of Civil Procedure §1021.5;

5. For interest pursuant to Labor Code §§218.5 and 1194, and Civil Code §3287; and

6. For punitive damages.

**ON THE SECOND CAUSE OF ACTION:**

1. For temporary, preliminary and permanent injunctive relief against Defendant's ongoing violations of the Labor Code;

2. For damages according to proof;

3. For restitution of unpaid wages;

4. For liquidated damages pursuant to Labor Code §1194.2;

5. For attorney fees and costs reasonably incurred, in accordance with California Labor Code §§218.5 and 1194, and California Code of Civil Procedure §1021.5; and

6. For interest pursuant to Labor Code §§218.6 and 1194, and Civil Code §3287.

**ON THE THIRD CAUSE OF ACTION:**

1. For temporary, preliminary and permanent injunctive relief against Defendants' ongoing violations of the Wage Order;

2. For waiting time penalties pursuant to Labor Code §203;

3. For attorney fees and costs reasonably incurred, in accordance with Labor Code §§218.5 and 1194, and California Code of Civil Procedure §1021.5;

-11-

1

4. For interest pursuant to Labor Code §§218.5 and 1194, and Civil Code §3287;

2

and

3

5. For punitive damages.

4

5

## ON THE FOURTH CAUSE OF ACTION:

6

1. For temporary, preliminary and permanent injunctive relief against Defendants'

7

ongoing violations of the Wage Order;

8

2. For penalties pursuant to Labor Code §226(e); and

9

3. For attorney fees and costs reasonably incurred, in accordance with Labor Code

10

§226(e) and California Code of Civil Procedure §1021.5;

11

4. For interest pursuant to Civil Code §3287; and

12

5. For punitive damages.

13

14

## ON THE FIFTH CAUSE OF ACTION:

15

1. For temporary, preliminary and permanent injunctive relief against Defendants'

16

ongoing violations of the Wage Order;

17

2. For damages according to proof;

18

3. For restitution of all expenses associated with tools or equipment that were

19

required by DoorDash or necessary to performance of the Drivers' work for

20

DoorDash;

21

4. For attorney fees and costs reasonably incurred, in accordance with Labor Code

22

§§2802(c) and California Code of Civil Procedure §1021.5;

23

5. For interest pursuant to Civil Code §3287; and

24

6. For punitive damages.

25

26

## ON THE SIXTH CAUSE OF ACTION:

27

1. For damages according to proof; and

28

2. For interest pursuant to Civil Code §3289.

-12-

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**ON THE SEVENTH CAUSE OF ACTION:**

    1.  For damages according to proof;

    2.  For back wages and benefits owed;

    3.  For front pay;

    4.  For interest pursuant to Civil Code §3287; and

    5.  For punitive damages.

**ON THE EIGHTH CAUSE OF ACTION:**

    1.  For temporary, preliminary and permanent injunctive relief against Defendants' ongoing violations of the Labor Code as described herein;

    2.  For disgorgement of Defendants' ill-gotten gains and other relief that may be necessary to remedy Defendants' misconduct;

    3.  For restitution of payments unlawfully withheld;

    4.  For attorney fees and costs reasonably incurred pursuant to California Code of Civil Procedure §1021.5; and

    5.  For interest pursuant to Civil Code §3287.

**ON ALL CAUSES OF ACTION:**

    1.  For costs of suit, to the extent not otherwise prayed for above;

    2.  For attorney fees to the extent not otherwise prayed for above;

    3.  For interest on amounts recoverable; and

    4.  For such other and further relief as this Court deems just and proper.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

DATED:  July 17, 2020

THE GRAVES FIRM

By:

JACQUELINE TREU
Attorney for Plaintiff
Kevin Saunders

-14-

**PROOF OF SERVICE**

STATE OF CALIFORNIA                          )
                                                                          ) ss:
COUNTY OF LOS ANGELES                  )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18, and not a party to the within action.  My business address is 122 N. Baldwin Ave., Main Floor, Sierra Madre, CA 91024.

On August 5, 2020, I served the following document(s) described as:

**DECLARATION OF ALLEN GRAVES IN SUPPORT OF PLAINTIFF'S APPLICATION FOR COMPLEX CASE DESIGNATION**

on the interested parties by transmitting a true and correct copy thereof addressed as follows:

DoorDash, Inc.
c/o Registered Agent Solutions, Inc., Registered Agent
1220 S Street, Suite 150
Sacramento, CA 95811

**VIA ELECTRONIC SUBMISSION:**  I served said document(s) via File & Serve Xpress on all parties registered in this action.

☒      **VIA U.S. MAIL:**  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice such sealed envelope(s) would be deposited with the U.S. postal service on August 5, 2020, with postage thereon fully prepaid, at Sierra Madre, CA.

**VIA EMAIL:**  I personally sent such document(s) via email to the known email address of the person(s) on whom it is to be served before 5:00 p.m.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and was executed on August 5, 2020, at Sierra Madre, California.

_____                        _____
       Jacqueline Treu                                                /s/ Jacqueline Treu
Type or Print Name                                          Signature

*The*
*Graves*
*Firm*   *A Professional Corporation*

122 N. Baldwin Ave., Main Floor  •  Sierra Madre, CA 91024

**DoorDash, Inc.**
c/o Registered Agent Solutions, Inc.,
**Registered Agent**
**1220 S Street, Suite 150**
**Sacramento, CA 95811**



NEOPOST
FIRST-CLASS MAIL
$002.00°
08/05/2020  ZIP 91024
042M11450198

US POSTAGE