1  GIBSON, DUNN & CRUTCHER LLP
   JOSHUA S. LIPSHUTZ, SBN 242557
2    jlipshutz@gibsondunn.com
   555 Mission Street, Suite 3000
3  San Francisco, CA 94105-0921
   Telephone:   415.393.8200
4  Facsimile:   415.393.8306

5  MICHAEL HOLECEK, SBN 281034
     mholecek@gibsondunn.com
6  333 South Grand Avenue
   Los Angeles, CA 90071-3197
7  Telephone:   213.229.7000
   Facsimile:   213.229.7520

8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                        OAKLAND DIVISION

12

13

14  KEVIN SAUNDERS, an individual, in his      CASE NO. 4:20-CV-05825
    individual and representative capacity,

15                                             **DEFENDANT DOORDASH, INC.'S NOTICE**
                    Plaintiff,                 **OF MOTION AND MOTION TO DISMISS**
16                                             **PLAINTIFF'S COMPLAINT**
            v.
17                                             *[[Proposed] Order filed concurrently herewith]*
    DOORDASH, INC., and DOES 1 through 10,
18  inclusive,                                 Hearing Date: November 12, 2020
                                               Hearing Time: 1:00 p.m.
19                  Defendants.                Hearing Place: Courtroom 4 – 3rd Floor

20                                             Honorable Donna M. Ryu

21                                             Action Filed:  July 20, 2020

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on November 12, 2020 at 1:00 p.m., or as soon as the matter may be heard before the Honorable Donna M. Ryu of the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, California, 94612, Defendant DoorDash, Inc. will and hereby does move, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing Plaintiff's complaint for failure to state a claim upon which relief can be granted.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, all records and pleadings on file with the Court in this matter, all other matters of which the Court may take judicial notice, and all further evidence and argument that may be presented in Reply to any Opposition to this Motion or at or before the hearing on this matter.

Dated:  August 25, 2020                    GIBSON, DUNN & CRUTCHER LLP


By:        */s/ Joshua Lipshutz*
                Joshua Lipshutz

Attorneys for Defendant DOORDASH, INC.

Gibson, Dunn &
Crutcher LLP

DEFENDANT DOORDASH, INC.'S MOTION TO DISMISS                    CASE NO. 4:20-CV-05825

1

**CONTENTS**

2    INTRODUCTION ................................................................................................... 1

3    PROCEDURAL HISTORY AND ALLEGATIONS IN THE COMPLAINT .................................... 1

4    LEGAL STANDARD ............................................................................................... 2

5    ARGUMENT .......................................................................................................... 3

6         A.    Plaintiff Fails To Allege Facts Sufficient To State A Claim For Overtime Pay
               Or Minimum Wages (Counts 1 and 2)................................................................ 3
7
         B.    Plaintiff Fails To Allege Facts Sufficient To State A Claim For Termination
8              Wages (Count 3) ......................................................................................... 7

9         C.    Plaintiff Fails To Allege Facts Sufficient To State A Claim Regarding Wage
               Statements (Count 4)................................................................................... 8
10
         D.    Plaintiff Fails To Allege Facts Sufficient To State A Claim Regarding
11             Unreimbursed Business Expenses (Count 5) ........................................................ 10

12        E.    Plaintiff Fails To State A Claim For Breach Of Contract (Count 6) ........................ 11

13        F.    Plaintiff Fails To State A Claim For Wrongful Termination (Count 7) ................... 12

14        G.    Plaintiff Fails To Allege Facts Sufficient To State A Claim Under The UCL
               (Count 8) .................................................................................................. 14
15
     CONCLUSION ....................................................................................................... 16
16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Angeles v. U.S. Airways, Inc.*,
　2013 WL 622032 (N.D. Cal. Feb. 19, 2013)..................................................................14

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ....................................................................................................2, 3

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007)...................................................................................................2, 13

*Bradix v. Seton Med. Ctr.*,
　2013 WL 450381 (N.D. Cal. Feb. 5, 2013)..................................................................12

*Bravo v. On Delivery Servs., LLC*,
　2018 WL 2387835 (N.D. Cal. May 25, 2018) ...............................................................4

*Brown v. Wal-Mart Stores, Inc.*,
　2013 WL 1701581 (N.D. Cal. Apr. 18, 2013) ...............................................................9

*Bush v. Vaco Tech. Servs., LLC*,
　2018 WL 2047807 (N.D. Cal. May 2, 2018) .................................................................4

*Byrd v. Masonite Corp.*,
　2016 WL 756523 (C.D. Cal. Feb. 25, 2016).........................................................5, 6, 14

*Cal. Trucking Ass'n v. Su*,
　903 F.3d 953 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1331 (2019) ........................13, 14

*Castillo v. United Rentals, Inc.*,
　2018 WL 1382597 (W.D. Wash. Mar. 19, 2018) ..........................................................6

*Chavez v. RSCR Cal., Inc.*,
　2019 WL 1367812 (E.D. Cal. Mar. 26, 2019) ..............................................................10

*Cordell v. PICC Lines Plus LLC*,
　2016 WL 4702654 (N.D. Cal. Sept. 8, 2016) ...............................................................14

*Doe v. Wal-Mart Stores, Inc.*,
　572 F.3d 677 (9th Cir. 2009)..........................................................................................2

*Dynamex Operations West v. Superior Court*,
　4 Cal. 5th 903 (2018) ...................................................................................................14

*Ehret v. Uber Techs., Inc.*,
　68 F. Supp. 3d 1121 (N.D. Cal. 2014) ..........................................................................11

Gibson, Dunn &
Crutcher LLP

*Franke v. Anderson Merchandisers LLC*,
   2017 WL 3224656 (C.D. Cal. July 28, 2017) ..........................................................................9, 10

*Gattuso v. Harte-Hanks Shoppers, Inc.*,
   42 Cal. 4th 554 (2007) ...............................................................................................................10

*In re Gilead Scis. Sec. Litig.*,
   536 F.3d 1049 (9th Cir. 2008) ...................................................................................................13

*Gutierrez v. Aaron's Inc.*,
   2010 WL 4968142 (E.D. Cal. Dec. 1, 2010) .............................................................................3, 6

*Haralson v. United Airlines, Inc.*,
   224 F. Supp. 3d 928 (N.D. Cal. 2016) ...............................................................................4, 5, 8

*Harding v. Time Warner, Inc.*,
   2009 WL 2575898 (S.D. Cal. Aug. 18, 2009) ............................................................................2

*Harris v. Best Buy Stores, L.P.*,
   2018 WL 984220 (N.D. Cal. Feb. 20, 2018) ..............................................................................8

*Heck v. Heavenly Couture, Inc.*,
   2017 WL 4476999 (S.D. Cal. Oct. 6, 2017) ...............................................................................5

*IpVenture, Inc. v. ASUS Computer Int'l*,
   2013 WL 12173913 (N.D. Cal. May 6, 2013) ..........................................................................13

*Jasper v. C.R. England, Inc.*,
   2012 WL 7051321 (C.D. Cal. Aug. 30, 2012) ...........................................................................3

*Johnson v. Winco Foods, LLC*,
   2018 WL 6017012 (C.D. Cal. Apr. 2, 2018) ..............................................................................5

*Lagatree v. Luce, Forward, Hamilton & Scripps*,
   74 Cal. App. 4th 1105 (1999) ..............................................................................................13, 14

*Landers v. Quality Commc'ns, Inc.*,
   771 F.3d 638 (9th Cir. 2015) ...................................................................................................3, 4

*Lenk v. Monolithic Power Sys., Inc.*,
   2015 WL 7429498 (N.D. Cal. Nov. 23, 2015) .........................................................................12

*Lopez v. Aerotek, Inc.*,
   2015 WL 4504691 (C.D. Cal. July 23, 2015) ............................................................................7

*Magadia v. Wal-Mart Assocs., Inc.*,
   384 F. Supp. 3d 1058 (N.D. Cal. 2019) .....................................................................................9

*McMillian v. Overton Sec. Servs., Inc.*,
   2017 WL 4150906 (N.D. Cal. Sept. 19, 2017) ..........................................................................5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Moss v. Infinity Ins. Co.*,
197 F. Supp. 3d 1191 (N.D. Cal. 2016) ....................................................................15

*Nationwide Biweekly Admin., Inc. v. Superior Court*,
9 Cal. 5th 279 (2020) ..............................................................................................15

*Partida v. Stater Bros. Markets*,
2019 WL 1601387 (C.D. Cal. Feb. 19, 2019)............................................................7

*Perez v. DNC Parks & Resorts at Asilomar, Inc.*,
2019 WL 5618169 (E.D. Cal. Oct. 31, 2019) ....................................................7, 8, 9

*Perez v. Wells Fargo & Co.*,
75 F. Supp. 3d 1184 (N.D. Cal. 2014) ......................................................................5

*Price v. Starbucks Corp.*,
192 Cal. App. 4th 1136 (2011)................................................................................14

*Ratcliffe v. Apex Sys., LLC*,
2019 WL 5963759 (S.D. Cal. Nov. 13, 2019) ..........................................................5

*Reilly v. Recreational Equipment, Inc.*,
2019 WL 1024960 (N.D. Cal. Mar. 4, 2019) ............................................................5

*Rhynes v. Stryker Corp.*,
2011 WL 2149095 (N.D. Cal. May 31, 2011) ........................................................15

*Rice v. Fox Broad. Co.*,
330 F.3d 1170 (9th Cir. 2003), *overruled on other grounds by Skidmore ex rel.
Randy Craig Wolfe Trust v. Zeppelin*, 952 F.3d 1051 (9th Cir. 2020)..........................15

*Ritenour v. Carrington Mortg. Servs., LLC*,
228 F. Supp. 3d 1025 (C.D. Cal. 2017)....................................................................6

*Rittman v. Amazon.com, Inc.*,
2017 WL 881384 (W.D. Wash. Mar. 6, 2017) ..........................................................6

*S.G. Borello & Sons, Inc. v. Department of Industrial Relations*,
48 Cal. 3d 341 (1989) ............................................................................................13

*Salazar v. Golden State Warriors*,
2000 WL 246586 (N.D. Cal. Feb. 29, 2000)......................................................13, 14

*Sanders v. Old Dominion Freight Line, Inc.*,
2018 WL 6321628 (C.D. Cal. June 25, 2018) ..........................................................9

*Smith v. Level 3 Commc'ns Inc.*,
2014 WL 7463803 (N.D. Cal. Dec. 30, 2014) ........................................................15

Gibson, Dunn &
Crutcher LLP

DEFENDANT DOORDASH, INC.'S MOTION TO DISMISS                    CASE NO. 4:20-CV-05825

*Sonner v. Premier Nutrition Corp.*,
  962 F.3d 1072 (9th Cir. 2020)................................................................15

*Soratorio v. Tesoro Refin. & Mktg. Co.*,
  2017 WL 8220415 (C.D. Cal. Sept. 11, 2017)................................................7, 8

*Sullivan v. Delta Air Lines, Inc.*,
  58 Cal. App. 4th 938 (1997)................................................................13

*Tan v. Grubhub, Inc.*,
  171 F. Supp. 3d 998 (N.D. Cal. 2016) ................................................4, 5, 6, 15

*Tavares v. Cargill Inc.*,
  2019 WL 2918061 (E.D. Cal. July 8, 2019) ................................................10

*Tello v. Permanente*,
  2020 WL 2510683 (C.D. Cal. Feb. 12, 2020) ................................................13

*Velasco v. Elliot*,
  2018 WL 6069009 (N.D. Cal. Nov. 20, 2018)................................................3, 5

*Villapando v. Banamex USA Bancorp*,
  2020 WL 1942783 (C.D. Cal. Apr. 21, 2020) ................................................13

*Warren v. Fox Family Worldwide, Inc.*,
  328 F.3d 1136 (9th Cir. 2003)................................................................3

*White v. Starbucks Corp.*,
  497 F. Supp. 2d 1080 (N.D. Cal. 2007) ................................................8, 14

*Yucesoy v. Uber Techs., Inc.*,
  2016 WL 493189 (N.D. Cal. Feb. 9, 2016)................................................6

*In re Zynga Privacy Litig.*,
  2011 WL 7479170 (N.D. Cal. June 15, 2011), *aff'd*, 750 F.3d 1098 (9th Cir. 2014)....................11

**Statutes**

Cal. Bus. & Prof. Code § 17200 ................................................................1

Cal. Gov't Code § 12953 ................................................................12

Cal. Labor Code § 201 ................................................................7

Cal. Labor Code § 202 ................................................................7

Cal. Labor Code § 226(e)(1) ................................................................8

Cal. Labor Code § 432.6 ................................................................12

Cal. Labor Code § 2802(a) ................................................................10

Gibson, Dunn &
Crutcher LLP

DEFENDANT DOORDASH, INC.'S MOTION TO DISMISS                    CASE NO. 4:20-CV-05825

Cal. Labor Code § 2922 ....................................................................................................................12

**Rules**

Fed. R. Civ. P. 12(b)(6)......................................................................................................................1

DEFENDANT DOORDASH, INC.'S MOTION TO DISMISS                     CASE NO. 4:20-CV-05825

Gibson, Dunn &
Crutcher LLP

**INTRODUCTION**

Plaintiff brings this putative class action alleging violations of California's Labor Code, Wage Order 9, and Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("UCL"), as well as common law claims for breach of contract and wrongful termination.  Plaintiff alleges that Defendant DoorDash, Inc. ("DoorDash") misclassifies individuals who source delivery opportunities on DoorDash's platform ("Dashers") as independent contractors instead of employees.  Plaintiff also contends that DoorDash terminated the agreement governing the parties' relationship after Plaintiff allegedly notified DoorDash of his intent to opt out of arbitration, in violation of the agreement and California's public policy.

Plaintiff fails to plead facts sufficient to support any of his eight causes of action.  In fact, Plaintiff's agreement with DoorDash was never terminated, as Plaintiff should be well aware.  Because Plaintiff's conclusory allegations fail to state a claim upon which relief can be granted, the Court should dismiss the complaint in its entirety.  *See* Fed. R. Civ. P. 12(b)(6).  However, DoorDash has filed a motion to stay this case pending settlement in another, overlapping case that would encompass most of Plaintiff's claims in this action.  *See* Dkt. 10.  DoorDash respectfully requests that the Court rule on the motion to stay first, and that it only reach this motion to dismiss if it declines to grant the motion to stay.

**PROCEDURAL HISTORY AND ALLEGATIONS IN THE COMPLAINT**

Plaintiff filed his complaint in San Francisco Superior Court on July 20, 2020.  DoorDash removed the action to this Court on August 18, 2020.  *See* Dkt. 1.

Plaintiff summarily asserts that DoorDash "misclassif[ies]" Dashers as independent contractors but offers few factual allegations to support that claim. Dkt. 1-2, Ex. C ¶ 16.  For example, Plaintiff says he "has been employed by DoorDash, and has performed food deliveries for DoorDash," but he does not allege any specifics about his work on the DoorDash platform, such as when he started performing deliveries or how frequently he makes them. *Id.* ¶ 17.  Plaintiff says he has "incurred costs" in connection with the work he has performed on the DoorDash platform without having been reimbursed, but he does not allege the amount of any costs he supposedly incurred.  *Id.* ¶¶ 18–19.  Plaintiff says he has "worked shifts for DoorDash exceeding eight hours in a day" without receiving overtime premium pay, but he does not specify when he purportedly worked more than eight hours in

Gibson, Dunn & Crutcher LLP

a day or how much compensation he *did* receive from DoorDash on any such occasion. *Id.* ¶ 20. Nor does Plaintiff allege that he personally was paid less than minimum wage on any occasion.

Plaintiff says that he entered into a written agreement with DoorDash that contained an arbitration agreement affording him opt out rights, but declares that DoorDash "terminated [his] employment" when he notified the company of his intent to opt out of arbitration. *Id.* ¶¶ 47–50. Plaintiff offers *no* facts in support of that theory (and, in fact, it is false). Plaintiff goes on to allege that "DoorDash has maintained a uniform policy and practice of terminating each [Dasher] who gave notice of his or her intention to opt out of DoorDash's arbitration program." *Id.* ¶ 51. Again, Plaintiff offers *no* facts in support of this theory—nor could he, as many Dashers have opted out of arbitration without any repercussions whatsoever—and he fails to identify any other Dasher who allegedly has been "terminated" as a result of expressing an intent to opt out of arbitration with DoorDash.

Plaintiff's complaint asserts eight causes of action: (1) failure to pay overtime wages; (2) failure to pay minimum wage; (3) failure to pay wages on termination; (4) failure to provide accurate itemized pay stubs; (5) failure to provide equipment or reimburse business expenses; (6) breach of contract; (7) wrongful termination; and (8) violation of the UCL.

## LEGAL STANDARD

"To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). If the complaint pleads facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Federal Rule of Civil Procedure 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79. Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id.* at 678; *see, e.g.*, *Doe v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) (finding that plaintiffs' "general statement that [defendant employer] exercised control over their day-to-day employment [wa]s a conclusion, not a factual allegation stated with any specificity" under *Twombly* and *Iqbal*, in affirming a motion to dismiss a labor action).

Courts follow a two-step approach when applying the plausibility standard.  First, all conclusory statements and allegations must be pared from the complaint.  *See Twombly*, 550 U.S. at 555; *Harding v. Time Warner, Inc.*, 2009 WL 2575898, at *3 (S.D. Cal. Aug. 18, 2009).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678 (Rule 8 requires more than "unadorned, the defendant-unlawfully-harmed-me accusation[s]," or "naked assertions devoid of further factual enhancement" (citations omitted)).  Courts "need not accept as true 'legal conclusions merely because they are cast in the form of factual allegations.'"  *Jasper v. C.R. England, Inc.*, 2012 WL 7051321, at *3 (C.D. Cal. Aug. 30, 2012) (quoting *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003)).

Second, after paring all conclusory allegations from the complaint, a court should review the complaint's remaining contents to determine whether they "plausibly" entitle the plaintiff to relief.  For a claim to be "plausible," it is insufficient that the facts alleged are "'consistent with' a defendant's liability," or that a violation is "conceivable."  *Iqbal*, 556 U.S. at 678–80 (citations omitted).  Further, facts that raise a "mere possibility of misconduct" are insufficient—they must actually "*show*," in a plausible way, that the plaintiff is entitled to relief.  *Id.* at 679 (emphasis added); *see also, e.g.*, *Gutierrez v. Aaron's Inc.*, 2010 WL 4968142, at *3 (E.D. Cal. Dec. 1, 2010) (dismissing wage and hour claims where Plaintiff merely provided "a legal conclusion and limited factual allegations supporting the claim").  The mere "possibility" of a violation is not enough.  *Iqbal*, 556 U.S. at 679.

## ARGUMENT

### A.   Plaintiff Fails To Allege Facts Sufficient To State A Claim For Overtime Pay Or Minimum Wages (Counts 1 and 2)

The Ninth Circuit has held that minimum wage and overtime claims must be dismissed unless they "allege facts showing that there was a given week in which [the plaintiff] was entitled to but denied minimum wages or overtime wages."  *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2015) (affirming dismissal of minimum wage and overtime claims under the federal Fair Labor Standards Act ("FLSA")).  A complaint that does not plausibly allege "at least one workweek" during which the plaintiff "was not paid for the excess hours in that workweek, or was not paid minimum wages" must be dismissed for failure to state a claim.  *Id.* at 646.

Federal courts regularly apply the Ninth Circuit's standard in *Landers v. Quality Communications, Inc.* to overtime and minimum wage claims brought under California law rather than the FLSA. *See, e.g.*, *Velasco v. Elliot*, 2018 WL 6069009, at *4–5 (N.D. Cal. Nov. 20, 2018) (noting that the "*Landers* pleading standard for FLSA violations" applies to "similar California state law claims for . . . minimum wage violations" and dismissing minimum wage claim under *Landers* standard); *Bravo v. On Delivery Servs., LLC*, 2018 WL 2387835, at *1–*2 (N.D. Cal. May 25, 2018); *Bush v. Vaco Tech. Servs., LLC*, 2018 WL 2047807, at *7–*9 (N.D. Cal. May 2, 2018); *Haralson v. United Airlines, Inc.*, 224 F. Supp. 3d 928, 942 (N.D. Cal. 2016); *Tan v. Grubhub, Inc.*, 171 F. Supp. 3d 998, 1006–08 (N.D. Cal. 2016).

Accordingly, *Landers* governs Plaintiff's overtime and minimum wage claims.  In *Landers*, the Ninth Circuit explained that, whereas a pre-*Twombly*/*Iqbal* complaint "for minimum wages or overtime wages merely had to allege that the employer failed to pay the employee minimum wages or overtime wages," post-*Twombly*/*Iqbal*, "conclusory allegations that merely recite the statutory language are [not] adequate."  771 F.3d at 641, 644.  The plaintiff in *Landers* "presented generalized allegations asserting violations of the minimum wage and overtime provisions of the FLSA by the defendants" and asserted that "the defendants implemented a '*de facto* piecework no overtime' system and/or failed to pay minimum wages and/or overtime wages for the hours worked."  *Id.* at 646.  Noting the lack of "any detail regarding a given workweek when [the plaintiff] worked in excess of forty hours and was not paid overtime for that given workweek and/or was not paid minimum wages," the Ninth Circuit concluded that the plaintiff's "allegations failed to provide sufficient detail about the length and frequency of [his] unpaid" or underpaid work and affirmed the district court's dismissal of the complaint for failure to state a claim.  *Id.* (internal quotation marks omitted).

Here, Plaintiff summarily asserts that he and other unidentified Dashers "have worked shifts for DoorDash exceeding eight hours in a day," that Dashers "work shifts for DoorDash in excess of 8 and even 12 hours per day," that "DoorDash has refused to pay [Dashers], including Plaintiff, the overtime premium for the time worked over eight hours in a day," and that "DoorDash has a uniform policy of intentionally failing to pay the overtime premiums" purportedly due to Dashers for "overtime

work." Dkt. 1-2, Ex. C ¶¶ 20, 24–25.  Plaintiff also states, without more, that "DoorDash has failed to provide [Dashers] with minimum wage for . . . time worked."  *Id.* ¶ 30.

These allegations are insufficient to state a claim for overtime pay or minimum wage under *Landers*, and the Court should dismiss them for failure to state a claim.

Courts in the Ninth Circuit regularly dismiss overtime claims where, as here, the plaintiff "fails to provide any factual information regarding whether he worked more than forty hours in any given workweek such that he was entitled to overtime wages." *Haralson*, 224 F. Supp. 3d at 942 (dismissing overtime claim); *see also, e.g.*, *Ratcliffe v. Apex Sys., LLC*, 2019 WL 5963759, at *3 (S.D. Cal. Nov. 13, 2019) ("The conclusory allegation that Plaintiff worked overtime is not sufficient to plausibly support a claim for unpaid overtime wages."); *Johnson v. Winco Foods, LLC*, 2018 WL 6017012, at *12 (C.D. Cal. Apr. 2, 2018) ("Plaintiff should at least be able to allege facts about his own experience where Defendants failed him overtime on at least one occasion."); *Heck v. Heavenly Couture, Inc.*, 2017 WL 4476999, at *4 (S.D. Cal. Oct. 6, 2017)  (dismissing overtime claim where plaintiff merely alleged that he worked "more than forty hours" and was not adequately compensated); *Byrd v. Masonite Corp.*, 2016 WL 756523, at *3 (C.D. Cal. Feb. 25, 2016) (same).

Courts in the Ninth Circuit also regularly dismiss minimum wage claims where, as here, the plaintiff fails to allege "a specific week . . . in which the wage paid divided by the number of hours worked resulted in payment at a rate falling below the minimum wage requirements." *Perez v. Wells Fargo & Co.*, 75 F. Supp. 3d 1184, 1192-93 (N.D. Cal. 2014) (affirming dismissal of minimum wage and overtime claims under the FLSA for failure to state a claim).  In *Reilly v. Recreational Equipment, Inc.*, 2019 WL 1024960 (N.D. Cal. Mar. 4, 2019), for example, this Court dismissed plaintiff's minimum wage claim as a "vague recitation" that was "insufficient to state a claim" where the plaintiff alleged "that she 'was required to undergo security inspections without payment of minimum wages'" but failed to provide any "further facts," including "how many hours she worked or . . . a workweek when she was not paid minimum wage." *Id.* at *2, *4.

Other examples abound.  *See, e.g.*, *Velasco*, 2018 WL 6069009, at *4–5 (noting that the "*Landers* pleading standard for FLSA violations" applies to "similar California state law claims for . . . minimum wage violations" and dismissing minimum wage claim under *Landers* standard);

*McMillian v. Overton Sec. Servs., Inc.*, 2017 WL 4150906, at *3 (N.D. Cal. Sept. 19, 2017) (plaintiff failed to state an FLSA minimum wage claim where he did "not allege[] any pay period where he was paid below the minimum wage"); *Tan*, 171 F. Supp. 3d at 1008 (dismissing minimum wage claim where "[t]here are no allegations about what period of time or type of conduct Plaintiffs are counting as hours worked"); *Byrd*, 2016 WL 756523, at *3 (dismissing minimum wage claim because "[n]owhere in the Complaint does Plaintiff identify a specific instance in which he was denied a minimum wage"); *Yucesoy v. Uber Techs., Inc.*, 2016 WL 493189, at *5–6 (N.D. Cal. Feb. 9, 2016) (dismissing Massachusetts minimum wage claims with prejudice under FLSA standard); *see also Castillo v. United Rentals, Inc.*, 2018 WL 1382597, at *4 (W.D. Wash. Mar. 19, 2018) (dismissing minimum wage claim where the complaint did not "additionally allege that violations occurred for the specific week"); *Rittman v. Amazon.com, Inc.*, 2017 WL 881384, at *2 (W.D. Wash. Mar. 6, 2017) (dismissing minimum wage claim where the plaintiff's allegations "do not show there was a particular workweek in which any Plaintiff did not receive minimum wage . . . to which she was entitled") (quotation marks and citation omitted); *Ritenour v. Carrington Mortg. Servs., LLC*, 228 F. Supp. 3d 1025, 1033 (C.D. Cal. 2017) (dismissing minimum wage claim where plaintiffs did not "describe an instance where their pay fell below the applicable standard").

If anything, Plaintiff's overtime and minimum wage allegations are even more threadbare than those that courts have dismissed for failure to state a claim. Plaintiff fails to allege *any* facts about the work *he* performed on the DoorDash platform—no facts regarding when he performed the work, how many hours he worked, what he received in compensation for the work, or even whether *he* was ever paid less than minimum wage. Rather, he simply alleges that DoorDash has a "uniform policy" of failing to pay overtime premiums or minimum wage. Dkt. 1-2, Ex. C ¶¶ 25, 30. But that conclusory statement is unsupported by any facts, let alone facts specific enough to state a plausible claim for relief. *See Gutierrez*, 2010 WL 4968142, at *3 (dismissing overtime claim upon finding that bare allegation of "policy" was a "legal conclusion" insufficient to state a claim). Without even "basic factual allegations," regarding (for example) "what period of time or type of conduct Plaintiff[] [is] counting as hours worked," this Court "cannot conclude that Plaintiff['s] minimum wage or overtime claims are plausible." *Tan*, 171 F. Supp. 3d at 1008.

**B.      Plaintiff Fails To Allege Facts Sufficient To State A Claim For Termination Wages (Count 3)**

Plaintiff alleges that DoorDash did not pay Dashers "all of the wages earned . . . at the time of termination," in violation of the California Labor Code.  *See* Dkt. 1-2, Ex. C ¶¶ 32–35.  This claim should be dismissed for three independent reasons.

*First*, Plaintiff improperly grounds his claim under *both* Sections 201 and 202 of the California Labor Code.  See *id.* ¶ 32.  Section 201 applies to employees who are "discharged" by their employer, while Section 202 covers employees who "quit[ their] employment."  Cal. Labor Code §§ 201, 202.  Accordingly, Plaintiff "cannot seek relief under both §§ 201 and 202, as [he] could not have both resigned and been terminated at the same time."  *Perez v. DNC Parks & Resorts at Asilomar, Inc.*, 2019 WL 5618169, at *9 (E.D. Cal. Oct. 31, 2019) (dismissing termination wages claim where plaintiff cited both Sections 201 and 202 and failed to allege facts supporting claim).  Plaintiff's failure to specify which section of the Labor Code applies to him renders his claim unintelligible.

*Second*, Plaintiff does not allege specific facts showing that DoorDash failed to pay wages owed upon Plaintiff's purported termination.  Plaintiff does not "describ[e] the date of [his] own purported termination, the date [he] received [his] own final paycheck, its amount, or the amount [he] purportedly should have received."  *Partida v. Stater Bros. Markets*, 2019 WL 1601387, at *7 (C.D. Cal. Feb. 19, 2019) (dismissing termination wages claim).  Instead, Plaintiff merely alleges that "DoorDash terminated [his] employment" after he gave notice of his intent to opt out of arbitration (Dkt. 1-2, Ex. C ¶¶ 49–50), without "even generally alleg[ing] what wages were earned and paid at the time of termination [or] how and in what manner any final wage payment was untimely under the Labor Code."  *Lopez v. Aerotek, Inc.*, 2015 WL 4504691, at *2 (C.D. Cal. July 23, 2015) (dismissing termination wages claim).  Thus, Plaintiff only "parrots the language of the applicable statutory provisions and does not provide any supporting factual allegations" to state a claim under either Section 201 or Section 202.  *Perez*, 2019 WL 5618169, at *9 (internal quotation marks omitted).  Without more specific factual allegations demonstrating that DoorDash did not pay wages on termination, Plaintiff's claim "does not contain enough factual enhancement to cross the line between possibility and plausibility."  *Partida*, 2019 WL 1601387, at *7 (internal quotation marks omitted).

*Third*, Plaintiff's prayer for "waiting time penalties" under Section 203 of the Labor Code (*see* Dkt. 1-2, Ex. C at 11) fails because Plaintiff does not plead facts showing that DoorDash *willfully* failed to pay wages *to Plaintiff* upon his purported termination.   Willfulness is a necessary element of a Section 203 claim.  *See Soratorio v. Tesoro Refin. & Mktg. Co.*, 2017 WL 8220415, at *3 (C.D. Cal. Sept. 11, 2017) (stating that willfulness is "a prerequisite for section 203 'waiting time' liability").

Here, Plaintiff offers only a conclusory statement that DoorDash "maintains a policy and practice of willfully refusing to pay" wages after "termination or resignation." *Id.* ¶ 35.   Courts have dismissed better-pleaded claims than this.  *See, e.g.*, *Soratorio*, 2017 WL 8220415, at *3 (dismissing claim where the plaintiff alleged only that his attempts to raise issues of untimely payment upon termination with employer were fruitless because "[t]his unadorned allegation, without more, does not plausibly suggest willfulness").  Plaintiff here does not offer any "information about when," if ever, he "complained, how [he] complained (e.g., in-person, telephone, email), who [he] complained to, or the response(s) [he] received."  *Id.*  Thus, Plaintiff's allegations are not only insufficient to show that DoorDash did not pay him termination wages, but also insufficient to show any willfulness on the part of DoorDash.

## C.   Plaintiff Fails To Allege Facts Sufficient To State A Claim Regarding Wage Statements (Count 4)

Plaintiff's wage-statement claim (*see* Dkt. 1-2, Ex. C ¶¶ 37–39) is "derivative" of his other wage claims, including his overtime and minimum-wage claims.  *White v. Starbucks Corp.*, 497 F. Supp. 2d 1080, 1089-90 (N.D. Cal. 2007).  As Plaintiff has failed to plead valid overtime and minimum-wage claims (*supra* pp. 3–6), his wage-statement claim necessarily must also fail.  *See, e.g.*, *Haralson*, 224 F. Supp. 3d at 943 ("Because [Plaintiff] failed to adequately plead the underlying wage and hour claims . . . his derivative claims for inaccurate wage statements and unfair competition also fail.");  *Harris v. Best Buy Stores, L.P.*, 2018 WL 984220, at *9 (N.D. Cal. Feb. 20, 2018)  (dismissing derivative wage-statement claim where underlying overtime claim failed).

In any event, Plaintiff's conclusory allegations are insufficient to state a valid wage-statement claim.  The California Labor Code requires a plaintiff to allege facts sufficient to show that he suffered "injury as a result of a knowing and intentional failure by an employer" to provide accurate wage

statements.  Cal. Labor Code § 226(e)(1).  Claims asserted under Section 226 that "fail[] to identify **how** [a defendant's] statements were inaccurate" are defective if they "simply recite[] the language of California's statutes."  *Perez*, 2019 WL 5618169, at *10 (emphasis in original) (internal quotation marks omitted) (dismissing wage-statement claim because the plaintiff's allegations were conclusory). Moreover, claims that fail to "identify a single deficient wage statement" cannot establish a valid wage-statement claim.  *Franke v. Anderson Merchandisers LLC*, 2017 WL 3224656, at *7 (C.D. Cal. July 28, 2017).  And this Court has held that "the knowing and intentional requirement of § 226 is akin to a willfulness requirement."  *Magadia v. Wal-Mart Assocs., Inc.*, 384 F. Supp. 3d 1058, 1080–82 (N.D. Cal. 2019).  Thus, liability will lie only where the defendant "willfully intended to issue wage statements that were out of compliance with § 226."  *Id.*  To state a valid wage-statement claim, Plaintiff had to identify at least one deficient wage statement, identify how the statement was inaccurate, and allege facts sufficient to show that DoorDash willfully failed to comply with the law.  Plaintiff fails on all accounts.

Plaintiff alleges only that DoorDash was required to provide itemized wage statements each pay period, and that it violated the Wage Order and Labor Code Section 226(a) by failing to do so.  *See* Dkt. 1-2, Ex. C ¶¶ 38–39.  Plaintiff was required to, but does not, "identify[] a single deficient wage statement" owed to him; indeed, he fails to identify a single week in which he performed work on the DoorDash platform, warranting a wage statement.  *Franke*, 2017 WL 3224656, at *7.  Instead, Plaintiff merely "recites the language of" a Wage Order without alleging any particular dates that he was owed, but not provided, a wage statement.  *Perez*, 2019 WL 5618169, at *10.  Plaintiff does not even attempt to allege facts sufficient to show that DoorDash knowingly and intentionally did not provide him with one or more wage statements.  *See Brown v. Wal-Mart Stores, Inc.*, 2013 WL 1701581, at *8 (N.D. Cal. Apr. 18, 2013) (dismissing wage-statement claim where the plaintiffs failed to establish willfulness even where they "generally allege[d] that violations of the law were committed knowingly and willfully" (internal quotation marks omitted)).  "Conclusory statements [that] fail to provide <u>facts</u> sufficient to plausibly suggest [d]efendant willfully provided inaccurate wage statements" must be dismissed.  *Sanders v. Old Dominion Freight Line, Inc.*, 2018 WL 6321628, at *3 (C.D. Cal. June 25, 2018) (emphasis in original).

**D.     Plaintiff Fails To Allege Facts Sufficient To State A Claim Regarding Unreimbursed Business Expenses (Count 5)**

Plaintiff's claim for unreimbursed business expenses is also conclusory.  Plaintiff asserts, without factual support, that he "incurred costs in connection with acquiring, maintaining and using" certain devices and equipment and that DoorDash "has not reimbursed" him for these costs.  Dkt. 1-2, Ex. C ¶¶ 18–19.  He also states, again without factual support, that "DoorDash maintained a uniform policy of refusing to reimburse [Dashers] for" certain business-related expenses.  *Id.* ¶ 45.  But Plaintiff alleges no facts regarding any specific expenses he purportedly incurred while making deliveries sourced on the DoorDash platform, or when he purportedly incurred them.  Nor does he allege, as he must, that any such expenses were "necessary" or that they were "incurred . . . in direct consequence of" his use of the DoorDash platform.  Cal. Labor Code § 2802(a); *see also Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554, 567–68 (2007) (stating that reimbursement is required under Section 2802 only for expenses "actually and necessarily incur[red] in performing" work).  Indeed, there are no facts alleged in the complaint to suggest that any expense Plaintiff incurred was incurred *because* Plaintiff performed deliveries sourced on the DoorDash platform.

These failures doom Plaintiff's threadbare claim.  *See Franke*, 2017 WL 3224656, at *7 (C.D. Cal. July 28, 2017) (dismissing expense reimbursement claim where complaint merely alleged "use of personal phones for business-related purposes, costs incurred to comply with Defendants' dress code, and costs incurred using . . . personal vehicles for work travel"); *see also Chavez v. RSCR Cal., Inc.*, 2019 WL 1367812, at *3 (E.D. Cal. Mar. 26, 2019) (dismissing expense reimbursement claim where plaintiff failed to "provide a single instance when such a cost was actually incurred and not reimbursed"); *Tavares v. Cargill Inc.*, 2019 WL 2918061, at *7 (E.D. Cal. July 8, 2019) (same).  Plaintiff fails to state a claim for unreimbursed business expenses by alleging, without more (and he alleges no more), that he and other unidentified Dashers "use their own personal cellular phone or tablet device, and personal motor vehicle" to perform deliveries sourced on the DoorDash platform (Dkt. 1-2, Ex. C ¶ 18; *see also id.* ¶¶ 42–43).  *See Franke*, 2017 WL 3224656, at *7 (dismissing expense reimbursement claim involving use of personal phones and vehicles for work purposes where, as here,

the plaintiff "fail[ed] to provide a single instance when such a cost was incurred" or any "facts regarding the nature . . . of the expenses").

### E.     Plaintiff Fails To State A Claim For Breach Of Contract (Count 6)

Plaintiff alleges that DoorDash terminated its contract with him upon receipt of his notice of intent to opt out of arbitration, allegedly in breach of their agreement.  *See* Dkt. 1-2, Ex. C ¶¶ 47–53. To state a claim for breach of contract under California law, a plaintiff must plead facts establishing: "(1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *Ehret v. Uber Techs., Inc.*, 68 F. Supp. 3d 1121, 1139 (N.D. Cal. 2014).  "Where a plaintiff has failed to allege that the defendant's breach has caused her to suffer any damage, a breach of contract action for damages will not lie." *Id.* Moreover, "a Plaintiff must establish appreciable and actual damage—nominal damages, speculative harm, or threat of future harm do not suffice to show legally cognizable injury." *Id.* at 1140 (internal quotation marks omitted).

Here, Plaintiff pleads *no* specific facts in support of his breach of contract claim—no facts regarding when he allegedly notified DoorDash of his intent to opt out of arbitration, no facts regarding the timing or manner of his purported termination, no facts regarding who communicated with him regarding his purported termination, and no facts regarding what, if anything, he did to confirm that his purported termination actually occurred (which it did not).  On this basis alone, Plaintiff's claim should fail.  In addition to the general lack of factual support, Plaintiff specifically fails to establish at least the last two elements of a breach of contract claim.

With respect to the fourth element (damages), Plaintiff fails to plead facts sufficient to show that any alleged breach caused him to suffer "appreciable and actual damage." *Ehret*, 68 F. Supp. 3d at 1140.  Plaintiff says he "lost the income that [he] would have earned working for DoorDash." Dkt. 1-2, Ex. C ¶ 53.  This allegation of "speculative harm, or threat of future harm do[es] not suffice to show legally cognizable injury." *Ehret*, 68 F. Supp. 3d at 1140 (internal quotation marks omitted).  Plaintiff does not allege that he would have sought and accepted additional delivery opportunities on the DoorDash platform, let alone that he tried and failed to do so, absent the alleged termination.  Further, without alleging any facts regarding any income he earned on the DoorDash platform prior to his alleged

Gibson, Dunn & Crutcher LLP

DEFENDANT DOORDASH, INC.'S MOTION TO DISMISS                    CASE NO. 4:20-CV-05825

termination, Plaintiff cannot show damages and cannot state a valid breach of contract claim.  *See In re Zynga Privacy Litig.*, 2011 WL 7479170, at *2 (N.D. Cal. June 15, 2011), *aff'd*, 750 F.3d 1098 (9th Cir. 2014) (dismissing breach-of-contract claim where plaintiffs alleged that they had "suffered and will continue to suffer damages and losses" but failed to allege "appreciable and actual damage[s]").

With respect to the third element (breach), Plaintiff's allegations fail because if Plaintiff was an employee of DoorDash, as he alleges, there could be no breach of contract.  "[U]nder California law, '[a]n employment, having no specified term, may be terminated at the will of either party on notice to the other.'"  *Lenk v. Monolithic Power Sys., Inc.*, 2015 WL 7429498, at *5 (N.D. Cal. Nov. 23, 2015) (quoting Cal. Labor Code § 2922).  Thus, an employer who terminates an employee pursuant to a contract of indefinite duration does not breach that contract by virtue of the termination "unless one of the terms of the contract establishes the reasons or method for termination."  *Id.*  As a result, "all employment termination cases begin with the presumption of at-will employment."  *Bradix v. Seton Med. Ctr.*, 2013 WL 450381, at *5 (N.D. Cal. Feb. 5, 2013) (dismissing plaintiff's breach of contract claim because plaintiff's conclusory allegations failed "to state a plausible basis for a breach of contract claim").  Having (insufficiently) alleged that he is an employee of DoorDash, Plaintiff does not allege— because he cannot allege—that his agreement with DoorDash was anything other than an at-will contract, or that it established any specific "reasons or method for termination."  *Lenk*, 2015 WL 7429498, at *5.  Plaintiff thus fails to rebut the presumption of at-will employment and, as a corollary, fails to plead facts sufficient to show that DoorDash breached its agreement with him when it purportedly terminated him.  *See Bradix*, 2013 WL 450381, at *5 (finding conclusory allegations that did not rebut presumption of at-will employment failed to state a plausible basis for breach of contract claim).

## F.   Plaintiff Fails To State A Claim For Wrongful Termination (Count 7)

Plaintiff's wrongful termination claim fares no better.  Plaintiff suggests that DoorDash "terminated [his] employment" "[u]pon receipt of [his] notice of opting out of arbitration" and asserts, with *no factual support whatsoever*, that DoorDash "has maintained a uniform policy and practice of terminating *each* [Dasher] who gave notice of his or her intention to opt out of DoorDash's arbitration program" in violation of "the clearly stated California public policy against conditioning employment

on the employee's agreement to arbitrate employment-related disputes." Dkt. 1-2, Ex. C ¶¶ 50–51, 55–58 (emphasis added) (citing Cal. Labor Code § 432.6; Cal. Gov't Code § 12953).

As an initial matter, these allegations are false on their face—Plaintiff was never terminated and DoorDash has no such policy of terminating Dashers who opt out of arbitration. Plaintiff offers no factual support for these incredible allegations because there is none. Dashers who opt out of arbitration face no repercussions at all, as demonstrated by the many Dashers who have done just that. Plaintiff's disingenuous allegations rest on no more than rank speculation that "stretch[] the bounds of credulity," and the Court should dismiss them. *IpVenture, Inc. v. ASUS Computer Int'l*, 2013 WL 12173913, at *2 (N.D. Cal. May 6, 2013); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . ."); *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (stating that courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" (internal quotation marks omitted)).

In any event, Plaintiff's allegations fail for two additional reasons. To plead a wrongful termination claim, a plaintiff must plead facts sufficient to establish that: (1) an employer-employee relationship existed; (2) the employer terminated the relationship; (3) the termination of the relationship was "substantially motivated by a violation of public policy"; and (4) the termination caused the plaintiff harm. *Tello v. Permanente*, 2020 WL 2510683, at *11 (C.D. Cal. Feb. 12, 2020). To support a wrongful termination claim, the public policy in question must be: "(1) delineated in either constitutional or statutory provisions; (2) 'public' in the sense that it 'inures to the benefit of the public' rather than serving merely the interests of the individual; (3) well established at the time of the discharge; and (4) substantial and fundamental." *Sullivan v. Delta Air Lines, Inc.*, 58 Cal. App. 4th 938, 942 (1997). "In determining whether a 'substantial' policy [has been] violated, the courts consider whether an employer and employee could circumvent the policy by way of agreement." *Salazar v. Golden State Warriors*, 2000 WL 246586, at *5 (N.D. Cal. Feb. 29, 2000). That is so because "[t]he fact that a duty or right can be modified or waived by agreement suggests that it does not confer a substantial benefit on the public." *Lagatree v. Luce, Forward, Hamilton & Scripps*, 74 Cal. App. 4th 1105, 1112 (1999).

*First*, Plaintiff does not allege facts sufficient to show that an employer-employee relationship existed between him and DoorDash. "Under California law for claims not based on wage orders, 'the common law test for determining whether a worker is an employee or an independent contractor' remains" the test articulated in *S.G. Borello & Sons, Inc. v. Department of Industrial Relations*, 48 Cal. 3d 341 (1989). *Villapando v. Banamex USA Bancorp*, 2020 WL 1942783, at *11 (C.D. Cal. Apr. 21, 2020) (quoting *Cal. Trucking Ass'n v. Su*, 903 F.3d 953, 958 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1331 (2019)) (explaining that the decision in *Dynamex Operations West v. Superior Court*, 4 Cal. 5th 903 (2018), "only applied the ABC Test to California wage-order claims"). To show that an employment relationship existed under *Borello*, Plaintiff was required to allege facts showing, among other things, that DoorDash had "the right to control the manner and means of accomplishing the result desired." *Cal. Trucking Ass'n*, 903 F.3d at 958 (internal quotation marks omitted). He does not even attempt to do that, and his wrongful termination claim should be dismissed on this basis alone.

*Second*, Plaintiff fails to allege facts showing that his purported termination (i) was "substantially motivated by a violation of public policy," or (ii) caused him harm. In California, "terminating an employee for refusing to sign an arbitration agreement [does] not violate a substantial public policy because the right to a jury trial may be waived by agreement." *Salazar*, 2000 WL 246586, at *5 (citing *Lagatree*, 74 Cal. App. 4th at 1116). Indeed, Plaintiff "fails to articulate any public policy at all other than the public policy expressed in" certain sections of the California Labor and Government Codes (*see* Dkt. 1-2, Ex. C ¶ 55 ("That fundamental public policy is expressed in AB 51, Labor Code §432.6 and Government Code §12953 . . . .")). *Cordell v. PICC Lines Plus LLC*, 2016 WL 4702654, at *5 (N.D. Cal. Sept. 8, 2016). That is not enough; rather, Plaintiff was required to, but does not, "articulate how exactly his termination . . . affected society at large." *Id.* (internal quotation marks omitted) (stating that "[g]enerally citing [statutory provisions] is insufficient" to state a claim for wrongful termination).

## G. Plaintiff Fails To Allege Facts Sufficient To State A Claim Under The UCL (Count 8)

Plaintiff's UCL claim fails for two distinct reasons. *First*, Plaintiff's UCL claim is derivative of his other claims; indeed, he acknowledges as much. *See* Dkt. 1-2, Ex. C ¶ 60 ("The conduct described in the First through Seventh causes of action constitute unfair business practices."). Because

Plaintiff's predicate claims fail, so too does his UCL claim.  *See Byrd*, 2016 WL 756523, at *4 (dismissing UCL claim "premised on [insufficient] California Labor Code claims"); *Angeles v. U.S. Airways, Inc.*, 2013 WL 622032, at *10–11 (N.D. Cal. Feb. 19, 2013) (dismissing UCL claim premised on failed overtime, meal-period, and rest-break claims); *White*, 497 F. Supp. 2d at 1089–90 (dismissing "derivative" UCL claim where the plaintiff's underlying overtime and meal- and rest-break claims were insufficient); *Price v. Starbucks Corp.*, 192 Cal. App. 4th 1136, 1147 (2011) (holding that where "the underlying causes of action fail, the derivative UCL . . . claim[] also fail[s]").  The Court should dismiss it.  *See, e.g.*, *Tan*, 171 F. Supp. 3d at 1010–11 ("Where the UCL claim is premised on the same acts alleged in the complaint's other causes of action, and those causes of action fail, the UCL claim likewise must be dismissed because the plaintiff has not adequately alleged any predicate unlawful acts."); *Smith v. Level 3 Commc'ns Inc.*, 2014 WL 7463803, at *4 (N.D. Cal. Dec. 30, 2014) ("To state a claim under Section 17200, a plaintiff must adequately plead a violation of a specific alternative statute."); *see also Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1182 (9th Cir. 2003) (stating that where a "claim under § 17200 is dependent" on another claim, the two claims "rise and fall together"), *overruled on other grounds by Skidmore ex rel. Randy Craig Wolfe Trust v. Zeppelin*, 952 F.3d 1051 (9th Cir. 2020).  Plaintiff's UCL claim should fail on this basis alone.

*Second*, Plaintiff "may only seek equitable relief under California's UCL where [he] has no adequate remedy at law."  *Moss v. Infinity Ins. Co.*, 197 F. Supp. 3d 1191, 1203 (N.D. Cal. 2016).  The California Supreme Court recently made clear that UCL claims are equitable and provide exclusively equitable remedies.  *See Nationwide Biweekly Admin., Inc. v. Superior Court*, 9 Cal. 5th 279, 292 (2020); *see also Sonner v. Premier Nutrition Corp.*, 962 F.3d 1072, 1076 n.2 (9th Cir. 2020) ("[C]auses of action established by the UCL are equitable in nature.").  As the Ninth Circuit recently held in *Sonner v. Premium Nutrition Corp.*, a plaintiff cannot pursue an equitable UCL claim predicated on allegations for which the plaintiff also seeks legal remedies.  *See* 962 F.3d at 1081–82.  That is just what Plaintiff is trying to do here.  *See* Dkt. 1-2, Ex. C at 13.  "Where, as here, a plaintiff can seek money damages if [he] prevails on claims for breach of contract [or claims based on the Labor Code], [he] has an adequate remedy at law."  *Moss*, 197 F. Supp. 3d at 1203; *see also Rhynes v. Stryker Corp.*, 2011 WL 2149095, at *4 (N.D. Cal. May 31, 2011) (stating that "[p]laintiffs' argument that they will have no

DEFENDANT DOORDASH, INC.'S MOTION TO DISMISS                    CASE NO. 4:20-CV-05825

adequate remedy at law if their other claims fail [was] unavailing" because "[w]here the claims pleaded by a plaintiff may entitle [him] to an adequate remedy at law, equitable relief is unavailable"). Because Plaintiff's UCL claim is derivative of his Labor Code claims—for which adequate legal remedies exist—the Court should dismiss his UCL claim.

## CONCLUSION

Plaintiff fails to state a claim upon which relief can be granted. Accordingly, the Court should dismiss Plaintiff's complaint in its entirety.

Dated:  August 25, 2020                    GIBSON, DUNN & CRUTCHER LLP


                                          By:    /s/  *Joshua Lipshutz*
                                                    Joshua Lipshutz

                                          Attorneys for Defendant DOORDASH, INC.

## PROOF OF SERVICE

I, Kelly Ding, declare as follows:

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission Street, Suite 3000, San Francisco, California 94105, in said County and State.  On August 25, 2020, I served the following document(s):

**DEFENDANT DOORDASH, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**[PROPOSED] ORDER GRANTING DEFENDANT DOORDASH, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

On the parties stated below, by the following means of service:

THE GRAVES FIRM
ALLEN GRAVES
   allen@gravesfirm.com
JACQUELINE TREU
   jacqueline@gravesfirm.com
JENNY YU
   jennyyu@gravesfirm.comm
122 N. Baldwin Ave., Main Floor
Sierra Madre, CA 91024
Telephone: (626) 240-0575
Facsimile: (626) 737-7013

Attorneys for Plaintiff Kevin Saunders

þ   **BY ELECTRONIC TRANSFER TO THE CM/ECF SYSTEM**:  On this date, I electronically uploaded a true and correct copy in Adobe "pdf" format the above-listed document(s) to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system. After the electronic filing of a document, service is deemed complete upon receipt of the Notice of Electronic Filing ("NEF") by the registered CM/ECF users.

þ   **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 25, 2020

_____*/s/ Kelly Ding*_____
Kelly Ding