THE GRAVES FIRM
ALLEN GRAVES (SB#204580)
allen@gravesfirm.com
JACQUELINE TREU (SB#247927)
jacqueline@gravesfirm.com
JENNY YU (SB#253033)
jennyyu@gravesfirm.com
122 N. Baldwin Ave., Main Floor
Sierra Madre, CA  91024
Telephone: (626) 240-0575
Facsimile: (626) 737-7013

Attorneys for Plaintiff
Kevin Saunders

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kevin Saunders, an individual, in his individual and representative capacity,<br><br>Plaintiff,<br><br>v.<br><br>DoorDash, Inc., and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 4:20-cv-05825-DMR<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. **Failure to Pay Overtime Wages;**<br>2. **Failure to Pay Minimum Wage;**<br>3. **Failure to Pay Wages on Termination;**<br>4. **Failure to Provide an Accurate Itemized Paystub;**<br>5. **Failure to Reimburse Business Expenses;**<br>6. **Breach of Contract;**<br>7. **Wrongful Termination in Violation of Public Policy; and**<br>8. **Violation of Business and Professions Code §17200** *et seq*.<br><br>**DEMAND FOR JURY TRIAL** |

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL - 4:20-cv-05825-DMR

Plaintiff Kevin Saunders ("Plaintiff") alleges as follows:

**INTRODUCTION**

1. In this Complaint, Plaintiff uses the term "Driver" to refer to individuals employed by Defendant DoorDash, Inc. ("DoorDash" or "Defendant"), whose primary job duties consist of delivering food to customers as part of the food delivery service that is DoorDash's primary business.

2. Plaintiff brings this Complaint as a class action pursuant to California Code of Civil Procedure §382. The class contains two subclasses as follows:

   a. Subclass 1 consists of each individual DoorDash employed as a Driver in California at any time beginning on March 1, 2020, and whom DoorDash classified as an independent contractor during that time. Causes of Action One through Five in this Complaint (and the claims in Cause of Action Eight which arise from the violations alleged in Causes of Action One through Five) are alleged as to the individuals in Subclass 1 only.

   b. Subclass 2 consists of each individual who meets all of the following criteria: 1) DoorDash employed the individual as a Driver in California at any time since the date four years prior to the filing of the instant action; 2) DoorDash classified the individual as an independent contractor; 3) the individual communicated to DoorDash a desire, request or intention to opt out of DoorDash's arbitration program; and 4) the individual's DoorDash account was terminated, inactivated, suspended, or otherwise changed so as to limit the individual's ability to work as a Driver for DoorDash after the individual communicated to DoorDash a desire, request or intention to opt out of DoorDash's arbitration program. Causes of Action Six and Seven (and the claims in Cause of Action Eight which arise from the violations alleged in Causes of Action Six and Seven) are alleged as to the individuals in Subclass 2.

## THE PARTIES

3. Plaintiff Kevin Saunders ("Saunders" or "Plaintiff") is a citizen of the United States. Beginning in June 2020, DoorDash employed Saunders as a food delivery driver ("Driver") in California as part of the food delivery service that is DoorDash's primary business. DoorDash terminated Saunders' employment on July 6, 2020 and re-hired Saunders on August 6, 2020.

4. Defendant DoorDash is a corporation organized under the laws of the State of Delaware with its principal place of business in San Francisco, California.

5. Plaintiff is currently unaware of the true names and capacities of the Defendants sued herein as Does 1 through 10 (the "Doe Defendants") and therefore sues the Doe Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of the Doe Defendants when they are ascertained.

6. Plaintiff is informed and believes, and thereon alleges, that the Doe Defendants are the partners, agents, or principals and co-conspirators of the named Defendants and of each other; that the named Defendants and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to Plaintiff to the extent of the liability of the named Defendants as alleged herein.

7. Plaintiff is informed and believes, and on that basis alleges, that at all times herein mentioned, all of the Defendants are and were a single employer.

8. Plaintiff is informed and believes, and on that basis alleges, that at all times herein mentioned, each of the Defendants was the agent, servant and/or employee of each of the other Defendants and, in connection with the matters hereinafter alleged, was acting within the scope of such agency and employment, and each Defendant ratified each and every act, omission and thing done by each and every other Defendant herein.

## JURISDICTION AND VENUE

9. This case was removed to Federal Court by Defendant.

10. Plaintiff disputes the issue of Federal jurisdiction and anticipates filing a Motion to Remand.

## COMMON ALLEGATIONS

11. Plaintiff realleges and incorporates herein by this reference the allegations of Paragraphs 1 through 10 hereof, inclusive.

12. The primary business of DoorDash is delivering food directly to its customers. The money that customers pay to DoorDash for delivery services is the company's primary source of income. Customers access DoorDash's service through an application installed on the customers' cell phone or website operated by DoorDash.

13. DoorDash employs Drivers throughout the state of California. DoorDash takes orders and collects payment from customers. DoorDash then instructs a Driver to pick up the food ordered, and then to deliver the food directly to each customer. The work performed by Drivers is within the usual course of DoorDash's business.

14. At all times relevant hereto, DoorDash has engaged, suffered or permitted the Drivers to work for DoorDash.

15. At all times relevant hereto, DoorDash has maintained a uniform policy of classifying all Drivers as independent contractors rather than employees.

16. Plaintiff is informed and believes, and thereon alleges, that DoorDash's misclassification of Drivers as independent contractors is willful and done in order to deprive the Drivers of benefits due them, and to gain an economic advantage, with the full knowledge that the law requires Drivers to be classified as employees.

17. At times since June, 2020, Plaintiff has been employed by DoorDash, and has performed food deliveries for DoorDash using the DoorDash application.

18. In order to perform deliveries for DoorDash, Drivers, including Plaintiff, are required to use their own personal cellular phone or tablet device and personal motor

vehicle. Drivers, including Plaintiff, have incurred costs in connection with acquiring, maintaining and using personal cellular phone or tablet devices and personal motor vehicles to perform deliveries for DoorDash.

19. DoorDash has not reimbursed any of the Drivers, including Plaintiff, for any costs relating to the use of personal cell phone or personal vehicle for work purposes.

20. Drivers routinely work shifts for DoorDash exceeding eight hours.

21. On September 6, 2020, Plaintiff was assigned a 13-hour shift. Plaintiff actually worked 12.4 hours, completing 12 delivers and earning $100.84; just $8.13 per hour. Defendant did not pay Plaintiff any overtime premium. During this shift, Plaintiff was required to use his personal automobile (including gasoline) and personal cell phone to complete his work. Defendant did not reimburse Plaintiff for these expenses.

22. On June 28, 2020, Plaintiff worked 3.5 hours, completing two deliveries. Defendant paid him just nine dollars for this time worked; an hourly rate of $2.57. During this shift, Plaintiff was required to use his personal automobile (including gasoline) and personal cell phone to complete his work. Defendant did not reimburse Plaintiff for these expenses.

23. At all times relevant hereto, DoorDash has refused to pay its Drivers, including Plaintiff, any overtime premium.

24. At all times relevant hereto, DoorDash has refused to ensure that Drivers receive at least minimum wage for all hours worked. Drivers have routinely received less than minimum wage.

25. At all times relevant hereto, DoorDash refused to reimburse Drivers for business expenses, including automobile use, gasoline, and cellular telephone use.

26. Plaintiff is informed and believes, and thereon alleges, that DoorDash's misclassification of Drivers as independent contractors is willful and done in order to deprive the Drivers of benefits due them, and to gain an economic advantage, with the full knowledge that the law requires the Drivers to be classified as employees.

## FIRST CAUSE OF ACTION

**(Failure to Pay Overtime Premiums)**

27. Plaintiff realleges and incorporates herein by this reference the allegations of Paragraphs 1 through 26 hereof, inclusive.

28. At all times relevant hereto, Paragraph 3 of the applicable Wage Order and California Labor Code §510 have required that DoorDash pay each of its Drivers one and a half his or her regular rate of pay for any work in excess of 8 hours in one workday, in excess of 40 hours in one workweek, and for the first 8 hours of work on the seventh day of a workweek.

29. Drivers work shifts for DoorDash in excess of 8 and even 12 hours per day.

30. Plaintiff has worked for DoorDash in excess of 12 hours per day.

31. DoorDash has a uniform policy of refusing to pay the overtime premiums due to its Drivers for overtime work.

## SECOND CAUSE OF ACTION

**(Failure to Pay Minimum Wage)**

32. Plaintiff realleges and incorporates herein by this reference the allegations of Paragraphs 1 through 31 hereof, inclusive.

33. DoorDash requires its Drivers to be available and on-call for work while Drivers are logged into the DoorDash application. While logged into the application, Drivers must remain available and ready to drive, and are required to remain in a limited geographic area in order to be ready to fulfill DoorDash customer demands.

34. Drivers also spend time working by driving to and from deliveries.

35. DoorDash does not separately compensate Drivers for their on-call time worked, or drive time worked.

36. As a result of DoorDash's policy of refusing to compensate Drivers for all time worked, DoorDash has failed to provide Drivers with minimum wage for all hours worked.

## THIRD CAUSE OF ACTION

**(Failure to Pay Wages on Termination)**

37.     Plaintiff realleges and incorporates herein by this reference the allegations of Paragraphs 1 through 36 hereof, inclusive.

38.     Labor Code §§201 and 202 require that DoorDash pay each Driver all of the wages earned by that employee at the time of termination for an involuntary termination, and within 72 hours of termination for a voluntary termination.

39.     When Defendant terminated Plaintiff's employment on July 6, 2020, Plaintiff was entitled to unpaid minimum wages for the shift that Plaintiff worked on June 28, 2020.

40.     Defendant failed to make payment for the unpaid minimum wages due to Plaintiff at the time of his termination.

41.     At all times relevant hereto, DoorDash has terminated Drivers who were entitled to overtime wages and minimum wages earned under the applicable Wage Order at the time that the Drivers' employment with DoorDash ended.

42.     At all times relevant hereto, Drivers who were entitled to overtime wages and minimum wages have voluntarily quit their jobs.

43.     DoorDash maintains a policy and practice of willfully refusing to pay any Driver the overtime wages or minimum wages to which he or she is entitled under the Wage Order at any time after that Driver's termination or resignation.  Particularly after the ruling in *Dynamex v. Superior Court* and the passage of California Assembly Bill 5, Defendant was fully aware that the law requires it to classify its Drivers as employees, and was fully aware that the law requires it to afford all of the applicable protections of the Wage Order and Labor Code to its Drivers – including payment of minimum wage and overtime wages following the end of a Driver's employment.  DoorDash willfully continued to unlawfully misclassify its Drivers, including Plaintiff, as independent contractors, and willfully continued to deprive the Drivers of the rights due them, including the right to payment of wages following Drivers' termination or resignation.

# FOURTH CAUSE OF ACTION

### (Failure to Provide an Accurate Itemized Paystub)

44. Plaintiff realleges and incorporates herein by this reference the allegations of Paragraphs 1 through 43 hereof, inclusive.

45. At all times relevant hereto, Paragraph 7 of the applicable Wage Order has required that every employer shall semimonthly, or at the time of each payment of wages, furnish each employee an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer.

46. California Labor Code §226(a) requires that DoorDash must provide each Driver with an itemized statement each pay period as required by the Wage Order.

47. Defendant maintains a policy and practice of failing to provide itemized wage statements to its Drivers. Defendant has not provided Plaintiff with any itemized wage statement as required by Labor Code §226(a) at any time during his employment.

48. At all times relevant hereto, DoorDash violated the Wage Order and Labor Code §226(a) by failing to provide Drivers, including Plaintiff, with any itemized statement at all.

49. DoorDash maintains a policy and practice of willfully refusing to provide its Drivers with itemized wage statements as required by Labor Code §226(a). Particularly after the ruling in *Dynamex v. Superior Court* and the passage of California Assembly Bill 5, Defendant was fully aware that the law requires it to classify its Drivers as employees, and not independent contractors; Defendant was fully aware that the law requires it to afford all of the applicable protections of the Wage Order and Labor Code to its Drivers – including provision of accurate itemized wage statements. DoorDash, however, willfully continued to unlawfully misclassify its Drivers, including Plaintiff, as independent contractors, and willfully continued to deprive the Drivers of the rights due them, including the right to receipt of accurate itemized wage statements.

## FIFTH CAUSE OF ACTION

**(Failure to Provide Equipment or Reimburse Business Expenses)**

50. Plaintiff realleges and incorporates herein by this reference the allegations of Paragraphs 1 through 49 hereof, inclusive.

51. At all times relevant hereto, Paragraphs 8 and 9 of the applicable Wage Order have required that an employer provide its employees with any tools or equipment that are required by the employer or are necessary to the performance of the job.

52. Each and every time that Plaintiff worked as a Driver for Defendant, Plaintiff was required to use his personal automobile (including gasoline) and cell phone to complete his work. Defendant did not reimburse Plaintiff for any of these expenses.

53. DoorDash requires every Driver to use a cellular telephone or tablet device with a wireless data connection in order to send and receive information regarding the pickup, transportation, and delivery of food to DoorDash's customers.

54. DoorDash requires every Driver to use a motor vehicle in order to deliver food to its customers.

55. During all times relevant hereto, DoorDash maintained a uniform policy of refusing to provide cellular telephones, tablet devices, or motor vehicles to Drivers, despite the fact that this equipment is both required by Drivers and necessary to the performance of the job.

56. During all times relevant hereto, DoorDash maintained a uniform policy of refusing to reimburse Drivers for the cost of cellular telephones, tablet devices, wireless data connections or motor vehicles, despite the fact that this equipment is both required by DoorDash and necessary to the performance of the job.

## SIXTH CAUSE OF ACTION

**(Breach of Contract)**

57. Plaintiff realleges and incorporates herein by this reference the allegations of Paragraphs 1 through 56 hereof, inclusive.

-9-

58. Upon hiring Drivers to work for DoorDash, DoorDash requires Drivers to enter into a written agreement with DoorDash regarding the purported terms and conditions of employment.

59. This agreement provides that DoorDash will permit Drivers to opt out of its arbitration agreement by giving notice to DoorDash within 30 days, and will permit Drivers to continue working for DoorDash following a valid opt out.

60. On July 4, 2020 Plaintiff sent notice to Defendant via e-mail of his intent to opt out of the company's arbitration program. The e-mail contained the following text: "I would like to opt out of the Door Dash arbitration agreement." Plaintiff followed up with a notice sent via mail on July 16, 2020.

61. On July 6, 2020 Defendant responded to Plaintiff's opt-out by terminating his employment. The e-mail informing Plaintiff of his termination stated: "Your DoorDash account has been deactivated."

62. On August 8, more than two weeks after Plaintiff filed his initial complaint in the instant action, and more than a month after Defendant terminated Plaintiff's employment, Defendant re-hired Plaintiff, stating via e-mail that the company had "re-activated your account."

63. Plaintiff gave notice to DoorDash of his desire to opt out of arbitration within 30 days of commencing his employment with DoorDash. Plaintiff's notice satisfied all of the conditions set forth in the written agreement with DoorDash for validly opting out of DoorDash's arbitration program.

64. On information and belief, during the period of time covered by this action, Defendant has maintained a uniform policy and practice of terminating each Driver who gave notice of his or her intention to opt out of DoorDash's arbitration program.

65. DoorDash's termination of Drivers who opted out of arbitration is a breach of the written agreement between DoorDash and each such Driver, including Plaintiff.

66. The termination of such Drivers, including Plaintiff, damaged each Driver to the extent that they lost the income that they would have otherwise earned working for

Defendant, absent the breach of contract resulting in termination of employment. Defendant further damaged each of these Drivers because its misclassification of each Driver as an independent contractor denied the Drivers access to unemployment insurance benefits.

## SEVENTH CAUSE OF ACTION

### (Wrongful Termination)

67. Plaintiff realleges and incorporates herein by this reference the allegations of Paragraphs 1 through 66 hereof, inclusive.

68. The State of California has a clearly expressed public policy that prohibits an employer from requiring an employee to agree to settle disputes arising out of the Labor Code via binding arbitration as a condition of employment. That fundamental public policy is expressed in AB 51, Labor Code §432.6 and Government Code §12953 as enacted on October 10, 2019.

69. By terminating each employee who opted out of its arbitration program, Defendant violated the clearly stated California public policy against conditioning employment on the employee's agreement to arbitrate employment-related disputes.

70. Such terminations were wrongful, against public policy, and subject DoorDash to liability for damages to such terminated Drivers.

71. Defendant acted with oppression, fraud or malice in deliberately violating California's public policy by terminating Drivers who opted out of arbitration.

## EIGHTH CAUSE OF ACTION

### (Violation of Business and Professions Code §17200 *et seq.*)

72. Plaintiff realleges and incorporates herein by this reference the allegations of Paragraphs 1 through 71 hereof, inclusive.

73. The conduct described in the First through Seventh causes of action constitute unfair business practices.

74. By deliberately misclassifying its Drivers as independent contractors, DoorDash avoided substantial expenses and thereby enriched itself at the expense of the Drivers.

75. Drivers have suffered injury as a result of DoorDash's aforementioned conduct, in the form of lost income and benefits, and privileges of employment.

## CLASS ACTION ALLEGATIONS

76. Plaintiff realleges and incorporates herein by this reference the allegations of Paragraphs 1 through 75 hereof, inclusive.

77. Plaintiff is informed and believes, and thereon alleges, that DoorDash employs over 10,000 Drivers in California.

78. Plaintiff is informed and believes, and thereon alleges, that DoorDash requires all Drivers in California to agree to an identical form contract in order to work for DoorDash. The company revises the contract from time to time, but at any given time, the contract is identical with regard to all Drivers in California.

79. Plaintiff is informed and believes, and thereon alleges, that all Drivers in California have been subject to DoorDash's violations of the Wage Order and California Business and Professions Code §17200 *et seq*.

80. Plaintiff is informed and believes, and thereon alleges, that Plaintiff has been subject to the exact same violations of the Wage Order and California Business and Professions Code described herein as all other Drivers.

81. Plaintiff has agreed to fairly and adequately represent the rights of the class.

82. Plaintiff has the means to fairly and adequately represent the rights of the class.

83. Plaintiff is informed and believes, and thereon alleges, that his claims are typical of the class.

84. Plaintiff is informed and believes, and thereon alleges, that common questions of law and fact predominate with regard to all class claims.

85. Plaintiff is informed and believes, and thereon alleges, that a class action is superior to all other available means of resolving the class members' claims.

86. Plaintiff is informed and believes, and thereon alleges, that treatment of the instant claims as a class action will accrue substantial benefits to the litigants, the class, the public, and the courts.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant DoorDash, Inc. and Does 1 through 10, inclusive, and each of them, as follows:

**ON THE FIRST CAUSE OF ACTION:**

1. For temporary, preliminary and permanent injunctive relief against Defendants' ongoing violations of the Wage Order;
2. For damages according to proof;
3. For recovery of unpaid wages due pursuant to Labor Code §1194;
4. For attorney fees and costs reasonably incurred, in accordance with Labor Code §§218.5, 1194 and California Code of Civil Procedure §1021.5;
5. For interest pursuant to Labor Code §§218.5 and 1194, and Civil Code §3287; and
6. For punitive damages.

**ON THE SECOND CAUSE OF ACTION:**

1. For temporary, preliminary and permanent injunctive relief against Defendant's ongoing violations of the Labor Code;
2. For damages according to proof;
3. For restitution of unpaid wages;
4. For liquidated damages pursuant to Labor Code §1194.2;

5. For attorney fees and costs, in accordance with California Labor Code §§218.5 and 1194, and California Code of Civil Procedure §1021.5; and

6. For interest pursuant to Labor Code §§218.6 and 1194, and Civil Code §3287.

**ON THE THIRD CAUSE OF ACTION:**

1. For temporary, preliminary and permanent injunctive relief against Defendants' ongoing violations of the Wage Order;

2. For waiting time penalties pursuant to Labor Code §203;

3. For attorney fees and costs reasonably incurred, in accordance with Labor Code §§218.5 and 1194, and California Code of Civil Procedure §1021.5;

4. For interest pursuant to Labor Code §§218.5 and 1194, and Civil Code §3287; and

5. For punitive damages.

**ON THE FOURTH CAUSE OF ACTION:**

1. For temporary, preliminary and permanent injunctive relief against Defendants' ongoing violations of the Wage Order;

2. For penalties pursuant to Labor Code §226(e); and

3. For attorney fees and costs reasonably incurred, in accordance with Labor Code §226(e) and California Code of Civil Procedure §1021.5;

4. For interest pursuant to Civil Code §3287; and

5. For punitive damages.

**ON THE FIFTH CAUSE OF ACTION:**

1. For temporary, preliminary and permanent injunctive relief against Defendants' ongoing violations of the Wage Order;

2. For damages according to proof;

3. For restitution of all expenses associated with tools or equipment that were required by DoorDash or necessary to performance of the Drivers' work for DoorDash;

4. For attorney fees and costs reasonably incurred, in accordance with Labor Code §§2802(c) and California Code of Civil Procedure §1021.5;

5. For interest pursuant to Civil Code §3287; and

6. For punitive damages.

**ON THE SIXTH CAUSE OF ACTION:**

1. For damages according to proof; and

2. For interest pursuant to Civil Code §3289.

**ON THE SEVENTH CAUSE OF ACTION:**

1. For damages according to proof;

2. For back wages and benefits owed;

3. For front pay;

4. For interest pursuant to Civil Code §3287; and

5. For punitive damages.

**ON THE EIGHTH CAUSE OF ACTION:**

1. For temporary, preliminary and permanent injunctive relief against Defendants' ongoing violations of the Labor Code as described herein;

2. For disgorgement of Defendants' ill-gotten gains and other relief that may be necessary to remedy Defendants' misconduct;

3. For restitution of payments unlawfully withheld;

4. For attorney fees and costs reasonably incurred pursuant to California Code of Civil Procedure §1021.5; and

5. For interest pursuant to Civil Code §3287.

**ON ALL CAUSES OF ACTION:**

1. For costs of suit, to the extent not otherwise prayed for above;
2. For attorney fees to the extent not otherwise prayed for above;
3. For interest on amounts recoverable; and
4. For such other and further relief as this Court deems just and proper.

### **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.

DATED: September 14, 2020          THE GRAVES FIRM

By:          */s/ Allen Graves*
             ALLEN GRAVES
Attorney for Plaintiff
Kevin Saunders