United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN SAUNDERS,<br><br>   Plaintiff,<br><br> v.<br><br>DOORDASH, INC.,<br><br>   Defendant. | Case No. 20-cv-05825-DMR<br><br>**ORDER ON PLAINTIFF'S MOTION TO REMAND**<br><br>Re: Dkt. No. 21 |

  This is a putative class action alleging state law wage and hour claims on behalf of drivers who use Defendant DoorDash Inc.'s platform to make deliveries for DoorDash's customers. The case was initially filed in San Francisco County Superior Court. [Docket No. 1-2, Declaration of Joshua Lipshutz ("Lipshutz Decl."), Ex. C ("Compl.").] On August 18, 2020, DoorDash removed the case, asserting that federal jurisdiction exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). [Docket No. 1, Notice of Removal.] Plaintiff and putative class representative Kevin Saunders filed a first amended complaint on September 14, 2020. [Docket No. 18 ("FAC").] Plaintiff now moves for remand. [Docket Nos. 21 ("Mot."), 27 ("Reply").] The court held a hearing on October 22, 2020. Following the hearing, the court ordered the parties to engage in jurisdictional discovery. [Docket No. 28.] On January 5, 2021, the parties filed a joint letter explaining their positions on the information obtained from discovery. [Docket No. 37 ("Jt. Letter.").]

  For the following reasons, the court grants the motion to remand.

**I. BACKGROUND**

  The following facts are alleged in the FAC. DoorDash customers order food from restaurants through the DoorDash app or website. FAC ¶ 12. DoorDash drivers pick up the food from the restaurant and deliver it to customers. *Id.* ¶¶ 12-13. Saunders, a DoorDash driver, alleges that DoorDash misclassifies him and other drivers as independent contractors rather than employees

to avoid paying employee benefits and complying with other provisions of California employment law. *Id.* ¶¶ 3, 15-16. The wage and hour claims in this case are derivative of the misclassification issue: if Saunders and the other drivers are employees rather than independent contractors, then they are entitled to receive at least minimum wage for all hours worked, in addition to other employee protections.

In the original complaint, Saunders defined the putative class as "each individual whom DoorDash has employed as a Driver in California at any time since the date four years prior to the filing of the instant case and whom DoorDash has classified as an independent contractor." Compl. ¶ 2. After the case was removed, Saunders filed the FAC, which defines two subclasses. The first subclass is defined as "each individual DoorDash employed as a Driver in California at any time beginning on March 1, 2020, and whom DoorDash classified as an independent contractor during that time." FAC ¶ 2(a). The second subclass consists of DoorDash drivers who were terminated because they requested to opt out of DoorDash's arbitration agreement, which is allegedly permitted under the terms of their written agreement with DoorDash. *Id.* ¶¶ 2(b), 58-65. The class period for the second subclass is four years prior to the filing of this case. *Id.* ¶ 2(b).

On behalf of himself and the class, Saunders brings claims for (1) failure to pay overtime; (2) failure to pay minimum wage; (3) failure to pay wages upon termination; (4) failure to provide accurate, itemized paystubs; (5) failure to reimburse business expenses; (6) breach of contract; (7) wrongful termination in violation of public policy; and (8) violations of California's Unfair Competition Law ("UCL"), Business & Professions Code § 17200 *et seq*.

On August 18, 2020, DoorDash removed the case to the Northern District of California under CAFA jurisdiction.

## II.  LEGAL STANDARD FOR MOTIONS TO REMAND

The federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under 28 U.S.C. § 1441(a), a civil action brought in state court over which the federal district courts have original jurisdiction may be removed to the federal district court for the district embracing the place where the action is pending. *See* 28 U.S.C. § 1441(a). The removing defendant bears the burden of establishing that

removal was proper. *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 763 (9th Cir. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (stating that the removal statute is "strictly construe[d]" and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Under CAFA, 28 U.S.C. § 1332(d), federal courts have jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and diversity of citizenship exists between at least one plaintiff and one defendant. 28 U.S.C. § 1332(d)(2). There are a number of exceptions to CAFA. Relevant here, CAFA's "home state controversy" exception requires a district court to decline to exercise jurisdiction "over a class in which two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." *Id.* § 1332(d)(4)(B). In the Ninth Circuit, once the removing party establishes federal jurisdiction under CAFA, the objecting party bears the burden to prove by a preponderance of the evidence that an exception applies. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007); *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013). To meet this burden, the "moving party must provide 'some facts in evidence from which the district court may make findings regarding class members' citizenship.'" *Brinkley v. Monterey Fin. Servs., Inc.*, 873 F.3d 1118, 1121 (9th Cir. 2017) (quoting *Mondragon*, 736 F.3d at 884). "A complete lack of evidence does not satisfy this standard." *Mondragon*, 736 F.3d at 884. However, the burden of proof for the party seeking remand "should not be exceptionally difficult to bear." *Id.* at 886.

**III.   DISCUSSION**

Saunders moves to remand the case on the basis that (1) DoorDash has not established the amount in controversy requirement for CAFA jurisdiction; (2) this case qualifies for the home state exception to CAFA jurisdiction; and (3) this case should be remanded under CAFA's discretionary jurisdiction provision. At the October 22, 2020 hearing, the court found on the record that DoorDash has established the prima facie elements for CAFA jurisdiction. For the reasons stated below, the court determines that the home state exception applies in this case. Therefore, it is unnecessary to reach Saunders' third argument.

3

At the hearing, the court determined Saunders had not met his burden to produce evidence of the potential class members' citizenship for the purpose of establishing the home state exception. However, the court permitted Saunders to take limited jurisdictional discovery on class member citizenship. [Docket No. 28.] Since DoorDash represented that most of the evidence sought is in the possession of a third-party background check company, the court also instructed DoorDash to "make best efforts" to obtain that information from the vendor. *Id.* Saunders propounded 18 special interrogatories relating to the putative class members' citizenship. *See* Jt. Letter, Ex. 2. DoorDash responded in full to 13 of these requests[1] and produced a spreadsheet that included address and drivers' license information for 463,496 Doordash drivers. *Id.* at 3. The parties do not dispute that all drivers listed in the spreadsheet fall within the class definition in the FAC. Of those individuals, 375,044 (80.92%) provided a California address to DoorDash when they signed up on the DoorDash platform; 67,443 (14.55%) provided no address; and 21,009 (4.53%) provided an address outside California. *Id.* DoorDash also represented that "[t]here are 441,311 DoorDash accounts associated with Dashers who (i) have made at least one delivery in California since March 1, 2020, and (ii) have never performed a delivery on the DoorDash platform outside California." *Id.*; *see also id.*, Ex. 2 at 27. This number represents 95.21% of the identified class members. Finally, Saunders states (and DoorDash does not dispute) that 91% of the "individuals identified by Defendant as Class Members whom Plaintiff was able to match with the background check data had a California Driver's license." *Id.* at 4.

DoorDash asserts that this evidence is still not sufficient to establish CAFA's home state exception because the jurisdictional analysis must be based on the pleadings at the time of removal. Jt. Letter at 1-2. It points out that the class definition in the initial complaint had a four-year class period while the FAC has a class period starting March 1, 2020. *Id.* at 1. Since Saunders only sought discovery related to the class period in the FAC, DoorDash contends that data produced in response to those requests is not adequate to establish the citizenship of the entire class as defined

---

[1] The parties disagree about whether DoorDash should be required to respond to the remaining interrogatories. The court need not reach that dispute since it finds that the current evidence is sufficient to require remand.

in the initial complaint. *Id.* at 1-2.

DoorDash primarily relies on *Broadway Grill, Inc. v. Visa Inc. See* 856 F.3d 1274 (9th Cir. 2017). In that case, a plaintiff filed a putative class action in California state court asserting claims on behalf of both California and non-California citizens. *Id.* at 1276. After the defendant removed the case to federal court, the plaintiff moved to remand the case under CAFA's "local controversy" exception. *Id.* The local controversy exception, like the home state exception at issue here, requires the plaintiff to show by a preponderance of the evidence that at least two-thirds of the proposed class members are citizens of the forum state. 28 U.S.C. § 1332(d)(4). The district court denied the motion to remand on the grounds that the class definition on its face included many individuals who were not California citizens. *Broadway Grill*, 856 F.3d at 1276. The plaintiff then sought leave to amend the complaint to change the class definition to include only California citizens in order to eliminate CAFA's minimal diversity requirement. *Id.* The district court granted leave to amend and ordered the case remanded to state court based on the revised class definition. *Id.* The Ninth Circuit reversed, holding that "CAFA means what it says—citizenship of the class for purposes of minimal diversity must be determined as of the operative complaint at the date of removal." *Id.* at 1279. According to DoorDash, *Broadway Grill* mandates that Saunders must prove citizenship for the entire class as defined in the initial complaint, not just the subset of that class defined in the FAC.

A closer examination of *Broadway Grill* disproves DoorDash's theory. There, the Ninth Circuit was primarily concerned with preventing amendments that "chang[e] the nature of the class to divest the federal court of jurisdiction." *Broadway Grill*, 856 F.3d at 1279. It examined CAFA's legislative history, noting that Congress was "well aware of the concern that expanding federal class action jurisdiction to require only minimal diversity would create instability, as class membership could change during the course of litigation." *Id.* at 1278 (citing Senate Report, S. Rep. 109-14, S. Rep. No. 14, 109th Cong. 1st Sess. 2005, 2005 WL 627977, at *67 (Feb. 28, 2005)). The Ninth Circuit explained that Congress ultimately found the concern to be baseless, "precisely because of the rule that post-removal amendments cannot affect jurisdiction." *Id.* Therefore, *Broadway Grill* determined that plaintiffs may not amend their complaint after removal to destroy minimal diversity.

*See id.* at 1279 ("[C]itizenship of the class *for purposes of minimal diversity* must be determined as of the operative complaint at the date of removal." (emphasis added)).

In this case, Saunders did not amend the complaint to destroy minimal diversity; the parties do not dispute that minimal diversity exists under both the original and subsequent pleading. Instead, Saunders amended the complaint in response to another class action against DoorDash pending in San Francisco Superior Court, *Marciano v. DoorDash*, Case No. CGC-18-567869. The *Marciano* class, like the first subclass in this case, consists of DoorDash drivers who allege that DoorDash misclassified them as independent contractors rather than employees. *See* Docket No. 10-1, Declaration of Nicholas Parker ("Parker Decl.") ¶ 2. The parties in *Marciano* reached a proposed settlement, which was as of October 1, 2020 still pending final approval by the court. *See* Opp. at 1. If approved, the settlement will provide a full release of the misclassification claims through February 29, 2020. Parker Decl., Ex. B at 7, 15. Recognizing that the *Marciano* settlement will release misclassification claims that accrued before March 1, 2020, Saunders amended his complaint to define a class period starting after that date. *See* Reply at 13; Jt. Letter at 4; Docket Nos. 10, 18, 24. The narrowing of the class period does not affect minimal diversity, which was the primary concern addressed by *Broadway Grill*. *See* 856 F.3d at 1279 ("In this case plaintiffs have attempted to do what CAFA was intended to prevent: an amendment changing the nature of the class to divest the federal court of jurisdiction.").

*Singh v. American Honda Finance Corp.* further illustrates this point, although in a different context. *See* 925 F.3d 1053 (9th Cir. 2019). There, the plaintiff brought a putative class action in Washington state court, alleging only state law claims. *Id.* at 1058. The defendant removed the case to federal court under CAFA jurisdiction. *Id.* After the court denied the plaintiff's motion to remand, the plaintiff amended his complaint to add a federal claim. *Id.* The court then granted summary judgment against the plaintiff, who appealed both the entry of summary judgment and the denial of his motion to remand. *Id.* The Ninth Circuit determined that the district court erred in denying the plaintiff's motion to remand because the home state exception to CAFA jurisdiction applied in that case. *Id.* at 1069. However, the court found that the plaintiff's post-removal amendment adding a federal claim cured the jurisdictional defect and therefore the district court had

jurisdiction to make a final decision on the merits. *Id.* at 1070. The court distinguished *Broadway Grill* and other cases holding that jurisdiction must be determined at the time of removal because those cases "concern attempts to amend to avoid or eliminate federal subject-matter jurisdiction." *Id.* at 1070 n. 17; *see also Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 (9th Cir. 2000) ("Although normally jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments, that rule applies mainly in cases where the amended complaint attempts to destroy federal jurisdiction after the case has been properly removed . . . ." (internal quotation marks and citation omitted)). In other words, *Singh* considered post-removal amendments in analyzing federal subject matter jurisdiction because the amendments were not made to evade federal jurisdiction.

As explained above, the amendment in this case does not affect minimal diversity. All parties appear to agree that the amendment appropriately narrows the scope of the class in this case because the *Marciano* settlement releases claims that accrued before March 1, 2020. Accordingly, the amended class definition does not "change the nature of the class to divest the federal court of jurisdiction" or "alter the essential jurisdictional analysis." *See Broadway Grill*, 856 F.3d at 1279. Therefore, *Broadway Grill* is not controlling in this case. *See Borgia v. Bird Rides, Inc.*, 2019 WL 3814280, at *3 (C.D. Cal. Aug. 13, 2019) (distinguishing *Broadway Grill* and allowing post-removal amendment where "the result of Plaintiffs' amendment would not be to eliminate jurisdiction by destroying minimal diversity"). DoorDash does not argue that amendment is improper on any other basis—such as undue delay, prejudice, or bad faith—and none is apparent. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Accordingly, the court will consider the class definition in the FAC for the purposes of evaluating CAFA jurisdiction.

DoorDash argues that, even considering the amended class definition, the data Saunders requested is insufficient to show the potential class members' citizenship. Jt. Letter at 2. According to DoorDash, drivers are not required to provide their state of citizenship or "permanent" address when they sign up for a DoorDash account and drivers may take jobs anywhere DoorDash operates. *See* Docket No. 25-1, Declaration of Cody Aughney ("Aughney Decl.") ¶¶ 5-7. DoorDash contends that many non-citizens, such as students and "other transient populations," perform deliveries in

California and so taking DoorDash jobs in California is not probative of citizenship. *See id.* at ¶¶ 5-7.

DoorDash's argument is not persuasive. At the hearing, the court explained that bare allegations of citizenship are not sufficient to establish an exception to CAFA jurisdiction, nor can the court rely on "common sense" assumptions about class membership. Accordingly, the court did not accept Saunders' argument that citizenship can be presumed because the class definition is limited to drivers who performed at least one delivery in California during the class period. *See* Mot. at 6. Instead, the court followed *Mondragon*'s direction that there must be "at least some facts in evidence from which the district court may make findings regarding class members' citizenship" and ordered jurisdictional discovery. *Mondragon*, 736 F.3d at 884. There is now evidence that well over two-thirds of the people who performed DoorDash deliveries in California during the class period signed up for an account with a California address, never made a delivery outside of California, and have California drivers' licenses. This evidence is similar to what other post-*Mondragon* courts have determined is sufficient to establish citizenship for the purposes of applying a CAFA exception. *See, e.g.*, *Calleros v. Rural Metro of San Diego, Inc.*, 2018 WL 2228710, at *3 (S.D. Cal. May 16, 2018) (ordering remand where all class members, by definition, were employed in California and there was also evidence that over two-thirds of the class members had addresses in this state); *Collins v. Golden Gate Bell, LLC*, 2019 WL 2523571, at *3 (N.D. Cal. June 19, 2019) (granting a motion to remand where there was evidence of the putative class members' employment location, addresses, and drivers' licenses). The data regarding drivers' licenses is particularly probative here. *See Collins*, 2019 WL 2523571, at *3 ("Holding a driver's license or other identification issued by a state is strong evidence of domicile that state."). As the *Calleros* court explained, "[a]lthough this evidence may not be *irrefutable* evidence or put it beyond a reasonable doubt that more than two-thirds of the class were California citizens when the complaint was filed, it certainly supports such a finding using the preponderance of the evidence standard." 2018 WL 2228710, at *3 (emphasis in original).

In sum, *Mondragon* does not permit "guesswork," but "district courts are permitted to make reasonable inferences from facts in evidence." *See* 736 F.3d at 866. Given the available evidence

8

1 and given that Saunders' burden to prove the applicability of the home state exception "should not be exceptionally difficult to bear," the court finds that Saunders has shown by a preponderance of the evidence that at least two-thirds of the putative class members are California citizens. It is undisputed that the other requirements of the home state exception are met since DoorDash, the only defendant, is a citizen of California. Accordingly, the court finds that the home state exception applies in this case and remand is appropriate.

## IV. CONCLUSION

For the reasons stated above, Saunders' motion is granted. The Clerk shall remand this matter to the San Francisco County Superior Court and close the case.

**IT IS SO ORDERED.**

Dated: February 12, 2021



_____
Donna M. Ryu
United States Magistrate Judge